IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRI L. FOSTER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 09-453 |
| v. | ) ) | Magistrate Judge Bissoon |
| KRAFT FOODS GLOBAL, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

On July 29, 2009, the Court asked Plaintiff to specify whether she is pursuing a "traditional" diversity action, under 28 U.S.C. § 1332(a), or an action under the Class Action Fairness Act ("CAFA"), § 1332(d). *See* Order (Doc. 17) at 1. Plaintiff also was ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See id.* at 2.

In response, Plaintiff confirms that her claims are brought under CAFA. *See* Pl.'s Resp. (Doc. 20) at 1-2. Thus, the Court may exercise jurisdiction if: any class member and Defendant are citizens of different states; there are at least 100 putative class members; and the amount in controversy exceeds $5,000,000, in the aggregate. Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 149 (3d Cir. 2009) (citations omitted).

The first two requirements, diversity and class size, are satisfied by the allegations in the Complaint. *See* Doc. 1 at ¶¶ 5-6 (alleging Plaintiff is resident of Pennsylvania, Defendant's principal place of business is Illinois, and Defendant is not incorporated in Pennsylvania); *and id.* at ¶ 46 (number of putative class members exceeds 200). Regarding the amount in controversy, Plaintiff has submitted an affidavit meticulously detailing the sum of damages she seeks.

*See* Pl.'s Aff. (attached as Ex. 1 to Doc. 20).  Her counsel then projects the remaining putative class members' damages, based on Plaintiff's alleged damages, and concludes that the aggregate amount in controversy exceeds $7 million.  *See* Pl.'s Resp. at 5-6.  Defendant, while denying liability in all respects, is in agreement with Plaintiff's conclusion.  *See* Def.'s Resp. (Doc. 19) at 2 ("putative class damages may be in excess of $5 million").

"[W]here the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," the case should be dismissed only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (citation omitted).  In Frederico, the Court of Appeals for the Third Circuit approved, by necessary implication, the extrapolation of putative class members' damages, based on the named plaintiff's damages, for the purposes of aggregation.  *See id.* at 198-99 (CAFA's amount in controversy was satisfied through calculation of named plaintiff's damages, then projected across remaining putative class members).

For all of these reasons, an exercise of subject matter jurisdiction is appropriate.


August 17, 2009                                                         s/Cathy Bissoon
                                                                        Cathy Bissoon
                                                                        United States Magistrate Judge

cc (via email):

All Counsel of Record