**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRI L. FOSTER** | ) | **Civil Action No. 09-453** |
| on behalf of herself and | ) | |
| all others similarly situated | ) | **Judge Cathy Bissoon** |
| | ) | |
| **Plaintiff,** | ) | **Electronically Filed** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KRAFT FOODS GLOBAL, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR**
**CLASS CERTIFICATION UNDER RULE 23**

The within Action was filed in U. S. District Court for the Western District of

Pennsylvania as a Collective Action under the Pennsylvania Minimum Wage Act, (PMWA)(43

P.S. §333.101 et seq.), to recover damages for non-payment of overtime wages (individual and

class action).  This Brief is being submitted for the certification of the following class:

> Plaintiff Foster and all former or current employees of Defendant Kraft who were
>
> designated as Wall-to-Wall Sales Representatives in Pennsylvania since July 1, 2007 who
>
> have been subject to the same pay policies and practices of Defendant Kraft (Salary Plus
>
> Plan) regarding payment of overtime at ½ the regular rate of pay, instead of the payment
>
> of overtime at time-and-one-half the regular rate of pay, in violation of the Pennsylvania
>
> Minimum Wage Act.

## I.  BACKGROUND

Plaintiff Terri Foster is a former Wall-to-Wall Sales Representative of Defendant who like all former or current employees of Defendant Kraft who were designated as Wall-to-Wall Sales Representatives in Pennsylvania since July 1, 2007, was subject to the pay policies and practices of Defendant Kraft (Salary Plus Plan) regarding payment of overtime at ½ the regular rate of pay, instead of the payment of overtime at time-and-one-half the regular rate of pay, in violation of the Pennsylvania Minimum Wage Act.

For simplicity, Plaintiff hereby incorporates by reference *Plaintiff's Concise Statement of Material Facts* (Document 50).

Plaintiff now moves for class certification of the PMWA claims for the class of Plaintiff Foster and all former or current employees of Defendant Kraft who were designated as Wall-to-Wall Sales Representatives in Pennsylvania since July 1, 2007 who have been subject to the same pay policies and practices of Defendant Kraft (Salary Plus Plan) regarding payment of overtime at ½ the regular rate of pay, instead of the payment of overtime at time-and-one-half the regular rate of pay, in violation of the Pennsylvania Minimum Wage Act.  Plaintiff now also moves for leave to send to all potential class members a Notice regarding this class litigation.


## II.  ARGUMENT

In determining whether to certify claims for classwide treatment, the Court should focus only on whether the requirements of Rule 23 have been satisfied. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 252 (3d Cir. 1975), cert. denied, 421 U.S. 1011 (1975); *Sala v. National R.R. Passenger Corp.*, 120 F.R.D. 494, 495

(E.D. Pa. 1988). The Court should not evaluate whether the Plaintiff has stated a cause of action or will prevail on the merits, *Eisen*, 417 U.S. at 178, and should instead treat all substantive allegations of the Complaint as true. *Stewart v. Associates Consumer Discount Co.*, 183 F.R.D. 189, 193 (E.D. Pa. 1998).

The burden of meeting the Rule 23 requirements is not a heavy one. *Peil v. National Semiconductor Corp.*, 86 F.R.D. 357, 368 (E.D. Pa. 1980). The Rule 23 requirements should be given a liberal construction, *Stewart*, 183 F.R.D. at 194, and any doubts should be resolved in favor of class certification. *Peil*, 86 F.R.D. at 364; *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). To be entitled to class certification of the state claims, Plaintiff must first satisfy the four threshold requirements of Rule 23(a), and then demonstrate that the action falls within at least one provision of Rule 23(b). *Baby Neal v. Casey*, 43 F.3d 48, 55-56 (3d Cir. 1994).

## A. THE REQUIREMENTS OF RULE 23(A) ARE SATISFIED.[1]

Rule 23(a) provides the following four threshold requirements, commonly referred to as numerosity, commonality, typicality and adequacy of representation:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims . . . of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] In discussions between opposing counsel prior to the filing of Plaintiff's Motion for Class Certification, it was agreed upon informally that the Defendant would stipulate to three of the four requirements of Rule 23(a): numerosity, commonality, and adequacy of representation. This would leave only the typicality element in contention. Defendant, no doubt, can and will formally indicate its position in its Response to Plaintiff's Motion for Class Certification.

This Court should again find that all four requirements have been met.


1. NUMEROSITY IS PRESENT.

Rule 23(a)(1) requires that a class be so numerous that it is impracticable to join all class members. To establish numerosity, a plaintiff must show only that joinder of all class members would be difficult or inconvenient, not impossible. *Sala*, 120 F.R.D. at 497. It would be difficult and inconvenient, as well as impossible, to join all class members in this action based on the reluctance of some to affirmatively sign up for this lawsuit. Apart from this, the number of potential class members also makes joinder difficult and inconvenient. The class consists of at least 200 persons.

Courts have consistently found the numerosity requirement satisfied by classes with less than 100 members. See, e.g., *Eisenberg*, 766 F.2d at 786 (more than 90 members); *Weiss v. York Hosp.*, 745 F.2d 786, 808 (3d Cir. 1984), cert. denied, 470 U.S. 1060 (1985) (92 members); *Sala*, 120 F.R.D. at 497 (at least 40 to 50 members); *Zeffiro v. First Pa. Banking and Trust Co.*, 96 F.R.D. 567, 569 (E.D. Pa. 1983) (minimum 51 members).

In fact, Newberg has commented that "[i]n light of prevailing precedent, the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the Plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone." *A. Conte and H. Newberg, Newberg on Class Actions* (4th ed.) (2002) ("Newberg") § 3:5 at 427. *See also Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001), cert. denied, 536 U.S. 958 (2002) ("No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.")

In cases such as this where in excess of 200 class members are involved, the impracticability of joinder is obvious. *See* Newberg § 3:5 at 243-46. For these reasons, and as it is expected will be stipulated to by Defendant, numerosity has been met in this action.

## 2. COMMONALITY IS PRESENT.

Rule 23(a)(2) requires that there be questions of law or fact common to the class. A common question is one that "arises from a common nucleus of operative facts regardless of whether the underlying facts fluctuate over the class period and vary as to individual claimants." *In re Asbestos School Litig.*, 104 F.R.D. 422, 429 (E.D. Pa. 1984) (internal quotations and citations omitted), aff'd in part and rev'd in part, In re School Asbestos Litig., 789 F.2d 996 (3d Cir. 1986), cert. denied, 479 U.S. 852 and 915 (1986).  The Court of Appeals for the Third Circuit has held that the threshold of commonality is not high. *In re School Asbestos Litig.*, 789 F.2d at 1010. Courts have opined that the liberal construction of this provision has resulted from the premise that in doubtful cases, certification should be favored. *In re Asbestos School Litig.*, 104 F.R.D. at 428.

Rule 23(a)(2) does not require that all questions be common or even that common questions predominate. *Hummel v. Brennan*, 83 F.R.D. 141, 145 (E.D. Pa. 1979). In fact, the commonality requirement may be satisfied by a single common issue of law or fact. *Baby Neal*, 43 F.3d at 55; *Cumberland Farms, Inc. v. Browning-Ferris Indus., Inc.*, 120 F.R.D. 642, 645 (E.D. Pa. 1988); *In re Asbestos School Litig.*, 104 F.R.D. at 429.  In this case, Plaintiff has alleged not just a single common issue, but several, including:

1)      Whether in excess of two hundred (200) employees (specifically, Plaintiff Foster and all former or current employees of Defendant Kraft who were designated as

Wall-to-Wall Sales Representatives in Pennsylvania since July 1, 2007) were
subject to the same pay policies and practices of Defendant Kraft (Salary Plus
Plan) regarding payment of overtime at ½ the regular rate of pay, instead of the
payment of overtime at time-and-one-half the regular rate of pay, in violation of
the Pennsylvania Minimum Wage Act;

2)      Whether Defendant, since July 1, 2007, has violated 43 P.S. §333.101 et seq. by
failing to pay Plaintiff, and all other similarly situated Wall-to-Wall Sales
Representatives in Pennsylvania, compensation at time-and-one-half the regular
rate of pay required by the Pennsylvania Minimum Wage Act in workweeks in
which such employees have worked in excess of forty hours;

3) .    Whether, since July 1, 2007, Defendant paid its Wall-to-Wall Sales
Representatives in Pennsylvania at a rate of less than one and one-half times the
regular rate at which they were employed for each hour in excess of 40 that they
worked during the workweek.

For these reasons, and as it is expected will be stipulated to by Defendant, these common
questions are sufficient to establish commonality in this action.


3. <u>TYPICALITY IS PRESENT.</u>

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims
of the class. The threshold for establishing typicality is low, and will be satisfied as long as the
factual or legal position of the named plaintiff is not markedly different from that of the other
class members. *Seidman v. American Mobile Sys., Inc.*, 157 F.R.D. 354, 360 (E.D. Pa. 1994).

The typicality requirement may be met even if there are factual distinctions between the

claims of the named plaintiff and those of the class, *Eisenberg*, 766 F.2d at 786, as long as the

claims of the named plaintiff and the class arise from the same course of conduct by the

defendant and are based on the same legal theory. See *Hoxworth v. Blinder, Robinson & Co.*,

980 F.2d 912, 923 (3d Cir. 1992). Even relatively pronounced factual differences generally will

not preclude a finding of typicality where there is a strong similarity of legal theories. *Baby*

*Neal*, 43 F.3d at 58.

In this case, Plaintiff's claims arise from the same course of conduct that has affected all

members of the class since July 1, 2007: Defendant's implementation of its Salary Plus Plan. In

addition, Plaintiff and all members of the class will pursue their claims under the same statute:

the PMWA. As the claims of Plaintiff and the class arise from the same course of conduct

(Defendant's implementation of the Salary Plus Plan) by the defendant and are based on the

same legal theory, typicality has been met.


4. <u>ADEQUACY OF REPRESENTATION IS PRESENT.</u>

Rue 23(a)(4) requires that the representative party fairly and adequately protect the

interests of the class. Adequate representation depends on two factors: (a) Plaintiff's attorney

must be qualified, experienced and generally able to conduct the proposed litigation; and (b)

Plaintiff must not have interests antagonistic to those of the class. *Seidman*, 157 F.R.D. at 365.

The burden is on the defendant to demonstrate that the representation will be inadequate. *Sala*,

120 F.R.D. at 498; *In re Asbestos School Litig.*, 104 F.R.D. at 430.


As to the first prong, the class has been represented thus far by Joseph H. Chivers,

Esquire and John Linkosky, Esquire. Both Attorneys Chivers and Linkosky are highly

experienced and skilled counsel with years of experience in prosecuting complex litigation and

class actions.  Attorneys Chivers and Linkosky have actively prosecuted this litigation to date

and intend to continue to prosecute the claims vigorously. It is expected that Defendant will

stipulate that Attorneys Chivers and Linkosky have adequately represented the class throughout

this litigation and will stipulate that this requirement of Rule 23(a)(4) is satisfied.


**B. THE REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED.**

Having satisfied the four prerequisites of Rule 23(a), Plaintiff need only show that the

requirements of one subsection of Rule 23(b) have been met for the state claims to be certified

for classwide treatment. *See Baby Neal*, 43 F.3d at 55. Plaintiff seeks certification under Rule

23(b)(3), which requires a showing of predominance and superiority. *Sala*, 120 F.R.D. at 498.


1. SUPERIORITY IS PRESENT.

Superiority must be looked at from the points of view of the judicial system, the potential

class members, the named plaintiff, the attorneys, the public at large, and the defendant. *Sala*,

120 F.R.D. at 499. Class actions serve their intended function when they prevent a multiplicity

of suits, or when the economics of the situation would otherwise make it impossible for each

aggrieved member to vindicate their rights by separate actions. *Id*. at 499-500.

The proposed class consists of more than 200 persons who were designated as

Wall-to-Wall Sales Representatives in Pennsylvania since July 1, 2007 who have been subject to

the same pay policies and practices of Defendant Kraft (Salary Plus Plan) regarding payment of

overtime at ½ the regular rate of pay, instead of the payment of overtime at time-and-one-half

the regular rate of pay, in violation of the Pennsylvania Minimum Wage Act.  If these cases were

tried separately, the same evidence would have to be presented hundreds of times to resolve the same issues. This would not be in the best interests of the Court, the parties, the attorneys, or the general public.

Rule 23(b)(3) lists several additional matters that are pertinent to this analysis, including the interest of class members in individually pursuing separate actions, the extent and nature of any litigation that has already been commenced, the desirability of concentrating the litigation in the requested forum, and the difficulties likely to be encountered in the management of a class action. All of these matters favor class certification of the state claims.

Plaintiff is aware of no one who prefers to pursue a separate action for his or her state claims, and of no other action, class or individual, in which overtime wages under the PMWA have been sought for these potential class members. Without this class action, potential class members might have no realistic means of seeking a recovery for their PMWA claims. For these reasons, superiority has been met.


2. <u>PREDOMINANCE IS PRESENT.</u>

This rule requires only a predominance of common questions, and not unanimity of them. *Rodriguez v. McKinney*, 156 F.R.D. 118, 119 (E.D. Pa. 1994). As long as the claims of class members are not in conflict with each other, class members need not be identically situated and may have individualized issues. *See O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 290 (E.D. Pa. 2003). The individual differences merely must be of lesser overall significance than the common issues and must be manageable in a single class action. *Chin v. Chrysler Corp.*, 192 F.R.D. 448, 453 (D.N.J. 1998).

Common questions clearly predominate in this case, where each class member will seek

to remedy the same grievance: Defendant's uniform application of the Salary Plus Plan.  This issue can be resolved for all class members in a single adjudication.

The only significant aspect of this case that is not common for all class members is the amount of damages, but the appropriateness of class certification is not diminished by the need to calculate individual damages. *Seidman*, 157 F.R.D. at 366; *Sala*, 120 F.R.D. at 499, especially in cases such as this, where the computation is a purely mechanical task. *Peil*, 86 F.R.D. at 373.

It is clear that any differences between prospective class members are of relatively unimportant, because they do not affect the similarities that all class members share in the determinative factors of their holding the same position within Defendant's operations and being uniformly subject to Defendant's policy of maintaining a Fluctuating Workweek (the Salary Plus Plan).

As stated above, class members do not have to be identical on every single issue, and minor differences on isolated points are insignificant in comparison to the commonalities among class members that predominate. *See O'Keefe*, 214 F.R.D. at 290; *Chin*, 192 F.R.D. at 453. While Defendant might present contrary evidence, that would not prevent class certification. The trier of fact ultimately will have to decide who is more credible.  Now, however, is not the time to complete that credibility analysis or weigh the evidence. *Eisen*, 417 U.S. at 178; *Stewart*, 183 F.R.D. at 193.

III. **CONCLUSION**

Defendant made a common decision, since July 1, 2007, to pay only ½ rate, instead of 1 and ½ rate, for overtime to its Wall-to-Wall Sales Representatives and to subject them all to the same Fluctuating Workweek policy (Salary Plus Plan).  It would be inconsistent for Defendant to

now claim that the subjection of each Wall-to-Wall Sales Representative to such policy must be examined on an individual basis. Plaintiff asserts that she has met all the requirements for class certification of the PMWA state claims under Rule 23, and thus respectfully requests leave to address the non-payment of overtime wages and subjection to the Fluctuating Workweek policy of these employees on a common basis, consistent with the common manner in which Defendant has always addressed this issue outside of the litigation context.


Respectfully submitted:


  s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600,  312 Boulevard of the Allies
Pittsburgh, PA  15222-1923
jchivers@employmentrightsgroup.com
(412) 227-0763 / (412) 281-8481 FAX

s/ John R. Linkosky
John R. Linkosky, Esquire
PA ID No.  66011
715 Washington Avenue
Carnegie, PA  15106
linklaw@comcast.net
(412) 278-1280

Counsel for Plaintiff and Class


Dated: December 13, 2011