**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRI L. FOSTER<br>   on behalf of herself<br>   and others similarly situated<br><br>      Plaintiff,<br><br>      v.<br><br>KRAFT FOODS GLOBAL, INC.,<br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL Action No. 2:09-cv-453 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT .....................................................................................................................1

    A. Kraft's Salary Plus Plan Results In The Payment Of Overtime At 1½ Times The Employees' Regular Rate And Complies With The PMWA ...............................................................................................................1

        1. Plaintiff Continues to Mistakenly Assert That Cerutti Controls ...............................................................................................................1

        2. Kraft's Salary Plus Plan Does Result In Overtime Paid At One-And-One-Half Times The Regular Rate of Pay .......................2

    B. Plaintiff's After-the-Fact Off-The-Clock Claims Do Not Create Standing ...............................................................................................................3

III. CONCLUSION ..................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*14 Penn Plaza LLC v. Pyett*
   556 U.S. 247 (2009)...................................................................................................3

*Barvinchak v. Indiana Regional Medical Center*
   2008 U.S. Dist. LEXIS 33385 (W.D. Pa. 2008) ........................................................4

*Cerutti v. Frito-Lay*
   777 F.Supp.2d 920 (W.D. Pa. 2011).....................................................................1, 2

*Condo v. Sysco Corp.*
   1 F.3d 599 (7th Cir. 1993) .........................................................................................3

*Evans v. Lowe's Companies, Inc.*
   2004 U.S. Dist. LEXIS 8335 (M.D. Pa. 2004) ..........................................................2

*Friedrich v. U.S. Computer Systems, Inc.*
   1996 U.S. Dist. LEXIS 775 (E.D. Pa. 1996) .............................................................2

*Heder v. City of Two Rivers*
   295 F.3d 777 (7th Cir. 2002) .....................................................................................3

*O'Brien v. Town of Agawam*
   350 F.3d 279 (1st Cir. 2003) .....................................................................................3

*Overnight Motor Transportation Co. v. Missel*
   316 U.S. 572 (1942)...................................................................................................2

*Summerfield v. Perfect Photo*
   1983 U.S. Dist. LEXIS 16203 (E.D. Pa. 1983) .........................................................4

*Urnikis-Negro v. American Family Property Service*
   616 F.3d 665 (7th Cir. 2010) .....................................................................................3

*Warth v. Seldin*
   422 U.S. 490 (1975)...................................................................................................4

<u>Other Authorities</u>

34 Pa. Code § 231.1(b) ........................................................................................................4

## I. INTRODUCTION

Defendant Kraft Foods Global, Inc. ("Kraft") is confused by the Opposition Plaintiff Terri Foster ("Plaintiff") filed to its Motion for Summary Judgment ("Motion"). Plaintiff asserts "the issue of the applicability of the fluctuating work week is simply not relevant." *See* Pls. Opp. at p. 5. However, that is the very issue – the only issue – before this Court. Plaintiff starts by ignoring the two cases to explicitly hold that the fluctuating work week method ("FWW method") **is** lawful under the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff then appears to become confused by how Kraft's Salary Plus system ("Salary Plus") works. Salary Plus **does** result in payment to Kraft's Wall-to-Wall Sales Representatives ("W2W SRs") for all hours worked over 40 in a workweek at 1½ times their regular rates of pay – the salary provides the "time," and the **additional** half-time overtime provides the "half," totaling time-and-a-half. Finally, Plaintiff attempts to confer standing upon herself by alleging she worked unrecorded overtime. As a matter of law, Plaintiff cannot now claim these hours to salvage her lawsuit.

## II. ARGUMENT

### A. Kraft's Salary Plus Plan Results In The Payment Of Overtime At 1½ Times The Employees' Regular Rate And Complies With The PMWA

#### 1. *Plaintiff Continues to Mistakenly Assert That* Cerutti *Controls*

Plaintiff states in her Opposition, "… as noted pointedly by Judge Conti in *Cerutti*, the issue of the applicability of the fluctuating work week simply is not relevant." Pls. Opp. at 5. To the contrary, that is **precisely** the issue here. Plaintiff asks this Court to follow *Cerutti v. Frito-Lay*, 777 F.Supp.2d 920 (W.D. Pa. 2011) – a case that **did not**

**decide** the FWW method's legality in Pennsylvania[1] – to the exclusion of *Friedrich v. U.S. Computer Systems, Inc.*, 1996 U.S. Dist. LEXIS 775 (E.D. Pa. 1996) and *Evans v. Lowe's Companies, Inc.*, 2004 U.S. Dist. LEXIS 8335 (M.D. Pa. 2004), two cases that **explicitly ruled on and permitted the use of the FWW under the PMWA**. Plaintiff has failed to address or distinguish these cases by any means in her Opposition. This Court must consider and decide which authority is analogous, relevant and controlling. Kraft submits it is *Friedrich* and *Evan*s, not *Cerutti*.

2. *Kraft's Salary Plus Plan* Does *Result In Overtime Paid At One-And-One-Half Times The Regular Rate of Pay*

Kraft does not dispute that the PMWA requires overtime at 1½ times an employee's regular rate. Plaintiff argues that the FWW method pays overtime at only ½ an employee's regular rate and therefore does not comply. This completely misunderstands how the FWW method, and in fact how the PMWA and Fair Labor Standards Act ("FLSA"), are structured.[2]

Kraft complies with the PMWA because it **does** pay its W2W SRs at 1½ times their regular rates for all overtime hours. The fact that the W2W SRs' salary covers **all hours worked** means the employees are paid for all of their "time." Thus, they are only owed the "and-a-half" for the hours over 40. *Overnight Motor Transportation Co. v.*

---

[1] It is without question that *Cerutti* refused to address the question of the FWW's legality in Pennsylvania. First, the court stated "Therefore, **the court need not predict whether Pennsylvania courts would recognize the FWW method of OT payment**." *Cerutti v. Frito-Lay*, 777 F.Supp.2d at 945. Later, the court stated "**With respect to whether Frito-Lay's method of compensating the Plaintiffs according to the FWW would be lawful in Pennsylvania, the court finds this question is irrelevant…**" *Id.*

[2] Kraft is unsure why Plaintiff attempts to paint Kraft as inconsistent or disingenuous in this argument, or references that Kraft's counsel served as counsel for Frito-Lay in the *Cerutti* case. Plaintiff's counsel served as counsel in that case as well, and Kraft's arguments in this case have been entirely consistent throughout this case, and with Frito-Lay's arguments in *Cerutti*. Plaintiff appears to misunderstand that paying an **additional** ½ time overtime results in a **total** payment of 1½. Salary Plus' use of both of these calculations is entirely consistent with the PMWA.

*Missel*, 316 U.S. 572, 580 (1942) (superseded by statute on other grounds as stated in *Trans World Air Lines, Inc. v. Thurston*, 469 U.S. 111, 128 n. 22 (1985)).

Plaintiff's argument that Kraft pays only ½ time is completely semantic. By way of example, assume that an employee makes $10 an hour, and works 10 hours of overtime in a given week. This calculation could be done two different ways:

(1)   $10 per hour for 40 hours of straight time = $400
      $15 per hour (1½ the $10 regular rate) for 10 hours of overtime = $150
      $400 + $150 = $550.

(2)   $10 per hour for 50 hours of straight time = $500
      $5 per hour (½ the $10 regular rate not yet paid) for 10 hours of overtime = $50
      $500 + $50 = $550.

These calculations both (1) result in a total of $550 and (2) indisputably constitute the payment of overtime at 1½ the regular rate of $10. Plaintiff's argument that Salary Plus does not satisfy the PMWA because it calculates overtime at ½ rather than 1½ times the regular rate is the same unsupported argument as saying that the second calculation above constitutes ½ time rather than 1½ overtime. Salary Plus results in the **entire** 1½ overtime, and satisfies the PMWA's requirements.[3]

B.   Plaintiff's After-the-Fact Off-The-Clock Claims Do Not Create Standing

Plaintiff does not have and cannot now create standing by alleging she worked off-the-clock. First, off-the-clock work is irrelevant under the PMWA. Second, even if

---

[3] This has been explained by numerous courts. *See Urnikis-Negro v. American Family Property Service*, 616 F.3d 665, 675 (7th Cir. 2010); *Condo v. Sysco Corp.*, 1 F.3d 599, 605 (7th Cir. 1993) ("[T]he fixed salary compensates the employee for all his hours, the overtime ones included. He therefore received 100 percent of his regular rate for each hour that he worked. As such he is entitled to an additional fifty percent of his regular rate for the hours that he worked in excess of forty."); *Heder v. City of Two Rivers*, 295 F.3d 777, 779 (7th Cir. 2002) ("If an employee works a 'fluctuating work week' then the standard compensation covers any number of hours, so that the only statutorily required payment is the 50% premium for overtime."); *O'Brien v. Town of Agawam*, 350 F.3d 279, 287-88 (1st Cir. 2003) (abrogated in part on other grounds by *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009)) ("Payment for overtime hours at one-half [the regular] rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.").

Plaintiff proved she worked the hours, the FWW calculation she challenges was never applied to her.

Pennsylvania courts have interpreted 34 Pa. Code section 231.1(b), which defines hours worked, to hold employers liable only for those hours worked that the employer knew or should have known were actually worked.  *See Barvinchak v. Indiana Regional Medical Center*, 2008 U.S. Dist. LEXIS 33385 (W.D. Pa. 2008); *Summerfield v. Perfect Photo*, 1983 U.S. Dist. LEXIS 16203 (E.D. Pa. 1983).  This is especially true where an employer's policies specifically prohibit off-the-clock work, like Kraft's policies do.  *See* Ex. "A" to Kraft's Motion to Strike Plaintiff's Affidavit.

The hours Plaintiff now claims she worked are not "hours worked" as a matter of law.  This means that in the eyes of the law, Plaintiff did not work **any** overtime while she was subject to Salary Plus.  Plaintiff's sole complaint is that the **calculation of overtime** under Salary Plus is unlawful.  However, as she was not entitled to **any** overtime, she simply does not have standing to bring this claim.  Further, even if a court were to believe that Plaintiff worked these hours, Plaintiff **still** would not have standing.  The Salary Plus calculation was never applied to her.  She therefore cannot challenge its application.  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  There is nothing that Plaintiff can say or do at this juncture, four years after-the-fact, to create standing to challenge the calculation of overtime under Salary Plus, when she never submitted overtime hours for calculation under that policy.[4]

---

[4] Plaintiff's claims that her time was deleted off her timecards are likewise irrelevant and do not confer standing.  The recorded time was still under 40 hours, so the Salary Plus plan would never have been applied to Plaintiff in any event.

**III.   CONCLUSION**

This Court must decide which it finds more compelling: (1) Kraft's Motion, which presents two cases expressly permitting the use of the FWW method under the PMWA, as well as a host of federal cases explaining that the FWW method **does** provide employees with overtime at the full 1½ times the regular rate, or (2) Plaintiff's Opposition, which presents a single case that explicitly declined to rule on the FWW issue (in fact, it found the issue before the Court today "irrelevant" to its analysis), and which argues without authority that the FWW method does not result in overtime at a rate of 1½ the regular rate.  This is if this Court even reaches the merits - Plaintiff was never subject to the policy she now challenges, and therefore does not have standing to pursue her claims.  Kraft respectfully urges this Court to follow the weight of authority on the subject and to grant its Motion for Summary Judgment, either on the grounds that Plaintiff lacks standing to pursue her claims, or on the grounds that those claims have no merit under the PMWA.

Dated:  February 6, 2012

SHEPPARD MULLIN RICHTER & HAMPTON, LLP

By   */s/ Samantha D. Hardy*
Samantha D. Hardy, Esq.
Ashley T. Hirano, Esq.
(All attorneys admitted *pro hac vice*)

Attorneys for Defendant
KRAFT FOODS GLOBAL, INC.