IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI L. FOSTER ) | |
|     on behalf of herself and ) | Civil Action No. 09-453 |
|     all others similarly situated ) | |
| ) | Judge Cathy Bissoon |
|     Plaintiff, ) | |
| ) | Electronically Filed |
|     v. ) | |
| ) | |
| KRAFT FOODS GLOBAL, INC. ) | |
| ) | |
|     Defendant. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**AND NOW COMES** Plaintiff Terri L. Foster, by and through her counsel, Joseph H. Chivers, Esquire, and John R. Linkosky, Esquire, and hereby respectfully submits her Reply to Defendant's Opposition to Plaintiff's Motion for Class Certification.

**INTRODUCTION**

Defendant cites the following grounds in its Opposition to Plaintiff's Motion for Class Certification: 1) that Plaintiff's Motion for Class Certification should be denied for an alleged lack of standing and Rule 23(a) Typicality; and, 2) that Plaintiff's Motion for Class Certification should be denied for alleged lack of Rule 23(b)(3) Predominance of Common Questions.

Contrary to Defendant's opposition, Plaintiff's has satisfied all the requirements for class certification of the PMWA state claims under Rule 23, and thus Plaintiff's Motion for Class Certification should be granted. Plaintiff has standing to pursue her PMWA claim because she

has suffered an injury (the nonpayment by Defendant at the time-and-one-half the regular rate of pay required by the PMWA for overtime hours performed by Plaintiff as a Wall-to-Wall Sales Representative (W2WSR)) as a result of the harm caused by Defendant's illegal Salary Plus plan. Plaintiff's PMWA claim against Defendant satisfies the Typicality and Commonality requirements of Rule 23(a) and, as such, Plaintiff satisfies the requirements for being a class representative in this matter.  Furthermore, as each prospective class member will seek to remedy the same grievance (Defendant's uniform application of the illegal Salary Plus Plan) and held the same position (W2WSR) as Plaintiff within Defendant's operations, questions and issues common to the claims of the Plaintiff and Purported Class predominate, pursuant to Rule 23(b)(3).

## ARGUMENT

### I. Typicality: Plaintiff is Typical Because She Worked Overtime and Was Subject to the Same Illegal Policy As the Purported Class.

A.  Plaintiff has Suffered an Injury and has Standing to Represent a Class.

Defendant asserts Plaintiff is not typical of the class she purports to represent because she has no standing (she did not work overtime after July 1, 2007).  Defendant is wrong for at least two reasons: Plaintiff in fact has produced competent evidence she worked overtime after July 1, 2007, and that management not only knew she was working overtime but explicitly forbade her from recording the overtime[1]; and, Plaintiff was subject to the same illegal policy (Salary Plus

---

[1] Plaintiff timely testified to this in her deposition, as noted in Plaintiff's Brief in Opposition to Defendant's Summary Judgment (Document 62)(p. 6, 7 and 8).

Plan) which endows her claim with Typicality so as to represent the class.

"Constitutional standing requires: (1) injury-in-fact, which is invasion of legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) causal connection between injury and conduct complained of; and (3) likelihood, as opposed to mere speculative possibility, that injury will be redressed by favorable decision." Winer Family Trust v. Queen, 503 F.3d 319 (3d Cir. 2007). "At the pleading stage, general factual allegations of injury resulting from the defendant[s'] conduct may suffice..." Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

"Standing to assert a claim requires that the plaintiff demonstrate personal interest in the outcome of the litigation; the plaintiff must show that he or she personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Hassine v. Jeffes, 846 F.2d 169, 176 (3d Cir. 1988) (internal citations omitted).

Accordingly, Plaintiff has properly established that she has standing in this matter. Plaintiff pled in her Amended Complaint that she had worked uncompensated overtime hours during her employment as a W2WSR. See Amended Complaint, Document 43, ¶ 40. (Indeed, Defendant admitted that W2WRS's were expected to work overtime hours. See Rose Declaration, Document 65-1, Exhibit A. At deposition, Plaintiff testified that she notified her Supervisor of work that she performed in excess of 40hours/week as a W2WSR. See Deposition Transcript of Terri L. Foster, Document 51, Exhibit C, p. 265. Plaintiff further testified that her Supervisor than explicitly instructed her to not record the overtime hours that she had worked as a W2WSR. Id. Accordingly, Defendant's failure to compensate Plaintiff in compliance with the Pennsylvania Minimum Wage Act for the overtime hours worked that she had worked

constituted an injury-in-fact against Plaintiff's rights under Pennsylvania law.  Furthermore, the injury suffered by Plaintiff was casually connected to violative Salary Plus compensation policy and the enforcement thereof.  The injury suffered by Plaintiff as a result of Defendant's failure to compensate Plaintiff for overtime work performed in compliance with the PMWA can be redressed through Plaintiff's claim for damages pursuant to the PMWA.  Accordingly, Plaintiff has established her standing in this matter.  See Winer Family Trust v. Queen, 503 F.3d 319 (3d Cir. 2007).

> B. **Plaintiff has Established the Rule 23(a) Requirements of Typicality and Commonality.  Accordingly, Plaintiff is fit to Represent a the Prospective Class.**

"As with commonality, the threshold for satisfying the typicality requirement is relatively low.  The named plaintiffs' claims "only need be sufficiently similar to allow the court to conclude that (1) the representative will protect the interests of the class, and (2) there are no antagonistic interests between the representative and the proposed class." Lewis v. Ford Motor Co., 263 F.R.D. 252, 264-65 (W.D. Pa. 2009) (citing Newton, 259 F.3d at 183 ("We have set a low threshold for satisfying both requirements"))(citations omitted).  "The concepts of commonality and typicality are broadly defined and tend to merge.  Both concepts seek to ensure that the interests of the absentees will be adequately represented by the named plaintiffs. However, neither of these requirements mandates that all putative class members share identical claims. Cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." In re Cmty. Bank of N. Virginia, 418 F.3d 277, 303 (3d Cir. 2005)(internal citations omitted).  "Where an action challenges a policy or practice, the

named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries are shown to result from the practice." Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 58 (3d Cir. 1994). Concur In re Cmty. Bank of N. Virginia, 418 F.3d 277, 303 (3d Cir. 2005); Lewis v. Ford Motor Co., 263 F.R.D. 252, 264 (W.D. Pa. 2009). "[F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.... Indeed, **even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories.**" Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 57-58 (3d Cir. 1994)(emphasis added). Concur Logory v. County of Susquehanna, 277 F.R.D. 135, 143-44 (M.D. Pa. 2011).

"These prerequisites [of Rule 23 commonality and typicality] mandate only that complainants' claims be common, and not in conflict. Typicality entails an inquiry whether the named plaintiff's individual circumstances are markedly different or the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." Hassine v. Jeffes, 846 F.2d 169, 176-77 (3d Cir. 1988) (citing Weinstein v. Eisenberg, 474 U.S. 946 (1985) (citation omitted) (emphasis added).

Furthermore, "[i]n Hassine v. Jeffes, 846 F.2d 169 (3d Cir.1988), plaintiffs claimed that the conditions at the Graterford prison violated their constitutional rights. Reversing the district court's denial of certification on commonality grounds, this court explained that Rule 23 did not require all plaintiffs actually to suffer the same injury; rather, the fact that the plaintiffs were subject to the injury, that they faced the immediate threat of these injuries, sufficed for Rule 23. In particular, **the Hassine panel explained that the named plaintiffs could attack the inadequate mental health care provided at the prison despite the fact that none of them**

**were in current need of those services; it was enough that they challenged the "inadequacy of the provision of any health care service, to which they are entitled, and which they might at some time require."** Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 57 (3d Cir. 1994) (emphasis added) (citing Hassine v. Jeffes, 846 F.2d 169 (3d Cir.1988)).

Plaintiff has been injured by the harm caused by Defendant's illegal Salary Plus policy. Specifically, Defendant violated Plaintiff's rights under the PMWA by failing to compensate Plaintiff for all overtime hours worked as a W2WSR or to do so at the proper time-and-one-half rate. The injury suffered by the Prospective Class Members satisfies the Rule 23(a) Commonality and typicality requirements in relation to Plaintiff's claims and injuries: the Prospective Class Members have been injured by the same Salary Plus policy of the Defendant that caused the actual injury to Plaintiff (paid at half-overtime rate based on variable regular-rate rather than time-and-one-half overtime rate based on fixed regular-rate using 40-hour workweek). The common harm that caused the injuries to both Plaintiff and the Prospective Class Members is sufficient to satisfy the commonality and typicality Rule 23(a) requirements. Furthermore, Plaintiff and the Prospective Class Members have suffered the same type of injury: non-payment by Defendant of overtime hours worked in violation of the PMWA. Accordingly, Class Certification should be upheld on the grounds of Rule 23(a) Commonality and Typicality.

    C.    <u>Plaintiff is Attacking the Salary Plus Plan, Not A Policy of Working Off of the Clock.  Moreover, Additional Prospective Named Class Representatives have Standing to Represent Class and have Claims that Satisfy the Typicality Requirement of 23(a).</u>

Contrary to Defendant's assertion (Brief in Opposition to Class Certification Document

65, at p. 14-15), Plaintiff does not attempt to show there was a general policy of working off the clock applied to the other W2WSRs.  Therefore, there can be no argument that individualized assessments would have to be performed.to determine class adequacy on that issue.  Rather, the typicality issue goes to the question of the Salary Plus Plan and its application to the class of Wall-to-Wall Sales Representatives (W2WSRs) in Pennsylvania since July 1, 2007.  Irrespective of the factual dispute between parties about whether Plaintiff worked overtime, there can be no dispute the five additional W2WSRs who have filed affidavits in this matter have worked and recorded overtime. See Affidavits of Buza, Dziadyk, Johnston, Mikec and Barmoy (attached as Exhibits 2-6 of Plaintiff's Response to Defendant's Motion for Summary Judgment (Document 62) and as Exhibits 1-5 of Plaintiff's Motion for Leave to Add Additional Plaintiffs (Document 74)). These individuals have moved to be added as Plaintiffs. If they are permitted to do so, Defendant's argument becomes moot.

**II.     Questions and Issues Common to the Claims of the Plaintiff and Purported Class Predominate, Pursuant to Rule 23(b)(3), Over Any Other Issues or Questions.**

A.     **The Predominance, Pursuant to Rule 23(b)(3), of Questions and Issues Common to the Claims of the Plaintiff and Purported Class Is Not Disturbed by Defendant's Assertion of PMWA Exemption Defenses.**

"[Rule 23(b)(3) predominance] is satisfied if the resolution of some of the legal or factual questions that qualify each class member's case as a general controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." Myers v. Hertz Corp. 624 F.3d 537 (2nd Cir. 2010).  Defendant

attempts to assert that Rule 23(b)(3) predominance has not been established as result of what Defendant claims to be individualized assessments required for two alleged exemption defenses asserted by Defendant within its Opposition to Plaintiff's Motion for Class Certification: the "Outside Sales" exemption and the Motor Carrier exemption. "[T]he PMWA is interpreted in light of the FLSA; requirements for proof of an exemption under the PMWA reflect those required under the FLSA." Cerutti v. Frito Lay, Inc., 777 F. Supp. 2d 920, 926 (W.D. Pa. 2011)(citing Com., Dept. of Labor & Indus., Bureau of Labor Law Compliance v. Stuber, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003)) (internal citations omitted). The burden of proving the applicability of an exemption under the FLSA (and therefore, the PMWA) rests on the Defendant. "[I]t is the employer's burden to affirmatively prove that its employees come within [an] overtime exemption, and any exemption from the Act must be proven plainly and unmistakably." Packard v. Pittsburgh Transp. Co., 418 F.3d 246, 258 (3d Cir. 2005)(citing Friedrich v. U.S. Computer Services, 974 F.2d 409, 412 (3d Cir. 1992)) (internal citation omitted). Plaintiff has established Rule 23(b)(3) predominance by virtue of the fact that any exemption alleged by Defendant is resolvable as a matter of law or by generalized proof (drawn from Plaintiff's evidentiary submissions and Defendant's admissions). See Myers, supra..

    1.    Defendant's Alleged "Outside Sales" Exemption Defense Is Resolvable in Favor of Plaintiff as a Matter of Law and by Generalized Proof.

Defendant's alleged "Outside Sales" exemption defense is resolvable in favor of Plaintiff as a matter of law and by generalized proof that the work performed by Foster and the Purported Class as W2WSRs for Defendant was not exempt under the PMWA. Accordingly, Plaintiff has

properly established the predominance of questions and issues common to the claims of Plaintiff and Purported Class, pursuant to Rule 23(b)(3).

As a matter of law, the work performed by Plaintiff and prospective Class Members employed by Defendant was not exempt from the overtime requirements of the Fair Labor Standards Act (" FLSA") under its "outside sales" exemption. See 29 U.S.C. 213(a)(1); 29 CFR 541.503(c).  Similarly, Plaintiff and prospective Class Members employed by Defendant are not exempt from the overtime requirements of the Pennsylvania Minimum Wage Act ("PMWA") under the "outside sales" exemption.  See Com., Dept. of Labor & Indus., Bureau of Labor Law Compliance v. Stuber, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003) (the PMWA is interpreted in light of the FLSA; requirements for proof of an exemption under the PMWA reflect those required under the FLSA).

The Department of Labor's (" Department's" ) regulatory provisions explicitly limit the exemption to employees who make sales or obtain orders or contracts for services for which a consideration will be paid by the client or customer. See 29 C.F.R. 541.500.  The FLSA "exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those [cases] plainly and unmistakably within their terms and spirit." Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960); see Bilyou v. Dutchess Beer Distribs., Inc., 300 F.3d 217, 222 (2d Cir. 2002).  Pursuant to Congress's express delegation of rulemaking authority, the Secretary issued revised regulations after notice and comment that "define and delimit" the FLSA's overtime exemptions. See 69 Fed. Reg. 22,122 (Apr. 23, 2004). As such, they are entitled to controlling deference. See Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837, 843-44 (1984); see also Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 165-68, 171-74 (2007); National Cable & Telecomms. Ass'n v. Brand X Internet Servs., 545 U.S. 967, 980

(2005); United States v. Mead Corp., 533 U.S. 218, 229-30 (2001).

The relevant regulations pertaining to the work performed by Plaintiff and the Purported Class Members state as follows:

> § 541.503 Promotion work.
> (a) Promotion work is one type of activity often performed by persons who make sales, which may or may not be exempt outside sales work, depending upon the circumstances under which it is performed. Promotional work that is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work. On the other hand, **promotional work that is incidental to sales made, or to be made, by someone else is not exempt outside sales work**. An employee who does not satisfy the requirements of this subpart may still qualify as an exempt employee under other subparts of this rule.
> (b) A manufacturer's representative, for example, may perform various types of promotional activities such as putting up displays and posters, removing damaged or spoiled stock from the merchant's shelves or rearranging the merchandise. Such an employee can be considered an exempt outside sales employee if the employee's primary duty is making sales or contracts. Promotion activities directed toward consummation of the employee's own sales are exempt. **Promotional activities designed to stimulate sales that will be made by someone else are not exempt outside sales work.**
> (c) **Another example is a company representative who visits chain stores, arranges the merchandise on shelves, replenishes stock by replacing old with new merchandise, sets up displays and consults with the store manager when inventory runs low, but does not obtain a commitment for additional purchases. The arrangement of merchandise on the shelves or the replenishing of stock is not exempt work unless it is incidental to and in conjunction with the employee's own outside sales. Because the employee in this instance does not consummate the sale nor direct efforts toward the consummation of a sale, the work is not exempt outside sales work.**

29 C.F.R. § 541.503 (emphasis added).

The regulations also explain the relationship between promotional work and the outside sales exemption, clarifying that "[p]romotion work is one type of activity often performed by persons who make sales, which may or may not be exempt outside sales work, depending upon the circumstances under which it is performed. Promotional work that is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work. On the other hand, promotional work that is incidental to sales made, or to be made, by

someone else is not exempt outside sales work." 29 C.F.R. 541.503(a). In other words, "[p]romotion activities directed toward consummation of the employee's own sales are exempt. Promotional activities designed to stimulate sales that will be made by someone else are not exempt outside sales work." 29 C.F.R. at 541.503(b).

Defendant admits that the W2WSRs "may never spend 80% of their time in sales work." See Defendant's Brief (Document 65, p. 12). Defendant admits that the duties of the W2WSR constituted in part stocking shelves. Document 47, p.2, Par. 5. At deposition, Plaintiff testified that the duties she performed as W2WSR composed of stocking shelves and other similar promotional work. See Deposition Transcript of Terri L. Foster, Document 51, Exhibit C, p. 23-24, 26-27.

Thus, under the plain language of the Department's regulations, without exception, the W2WSRs do not meet the consummation of sales test for the outside sales exemption. Because the W2WSRs do not consummate sales nor direct efforts toward the consummation of a sale, and at most arrange merchandise and replenish shelves, the W2WSRs do not meet the regulation's plain and unmistakable requirement such work does not qualify for an exemption. 29 C.F.R. 541.503(c). Therefore, the work of Plaintiff and Prospective Class Members was non-exempt under 29 C.F.R. 541.503(c).

For the PMWA "outside sales" exemption to apply there must be no more than 20% of the employee's time in non-exempt work, i.e., stocking shelves. Yet, Kraft admits that the W2WSRs "may never spend 80% of their time in sales work." See Kraft's Brief (Document 65, p. 12). Predominance can be satisfied if the resolution of legal or factual questions that qualify each class member's case as a general controversy be achieved through generalized proof and if these particular issues are more substantial than the issues subject only to individualized proof."

Myers v. Hertz Corp., 624 F.3d 537 (2nd Cir. 2010). Wirtz v. Keystone Reader's Service, Inc., 418 F.2d 249 (5th Cir. 1969); In re Norvartis Wage-Hour Litig. 611 F3d 141 (2nd Cir. 2010). In this matter, predominance is not defeated by Defendant's assertion of the "outside sales" exemption defense, because as a matter of law, the work performed by Plaintiff and the Prospective Class Members was non-exempt.

    2.    Defendant's Alleged "Motor Carrier" Exemption Defense Is Resolvable in Favor of Plaintiff by Generalized Proof.

Defendant's alleged "Motor Carrier" exemption defense is resolvable in favor of Plaintiff by generalized proof because Plaintiff and the Purported Class transferred goods only in an intrastate manner. Defendant bears the burden of proving the application of an FLSA/PMWA exemption. See Packard v. Pittsburgh Transp. Co., 418 F.3d 246, 258 (3d Cir. 2005); Com., Dept. of Labor & Indus., Bureau of Labor Law Compliance v. Stuber, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003). Defendant's bald assertion of the possibility of the applicability of the "Motor Carrier" exemption to some work performed by the Prospective Class Members, unsupported by evidence submitted by Defendant, does not satisfy Defendant's burden of proving an exemption[2]. Accordingly, Plaintiff has properly established the predominance of questions and issues common to the claims of Plaintiff and Purported Class, pursuant to Rule 23(b)(3).

For the "Motor Carrier" exemption to be applicable, the Defendant must prove that

---

[2] The lack of evidence of record in support of Defendant's argument is breathtaking. Defendant offered no deposition testimony in support, but only one cursory Affidavit from Weston Rose that by itself at most creates an issue of fact on precisely how much time the W2WSRs spend on some of their respective duties. Even Rose's affidavit, however, makes it clear the primary duty of the W2WSRs is to stock and merchandise, not sell. See Defendant's Declaration of Weston Rose (Document 65-1).

transportation of goods conducted by its W2WSR's was interstate. See 29 C.F.R. § 782.7. Because the W2WSRs working for Defendant transported goods from warehouses within a state to stores within the same state and because the goods had initially been transported to the warehouse without a "fixed and persisting intent" that the goods later to be carried by the W2WSRs go to a particular store, Defendant cannot satisfy its burden of proving the applicability of the Motor Carrier exemption. See 29 C.F.R. § 782.7. The mere shipment of items in bulk from out-of-state distribution point to an in-state distribution point from where they are distributed does not result in the continuance of the interstate journey. Absent the continuation of the interstate movement, the USDOT has no jurisdiction and the PA exemption does not apply. See 29 CFR §782; Walling v. Jacksonville Paper Co., 317 U.S. 564 (1943).

Because Defendant has failed to offer any evidence that the the "Motor Carrier" exemption was applicable, Defendant cannot meet its burden in establishing the applicability of the exemption. Accordingly, the Defendant's assertion of the exemption cannot defeat the Rule 23(b)(3) preponderance of the commonality of the claims between the Plaintiff and the Prospective Class Members.

> **B.** **Commonality: Defendant Failed to Timely Raise or Argue the Outside Sales Exemption or Motor Carrier Exemption, Should Be Estopped From Doing So Now, and At Most Should Be Given the Opportunity to Raise It For Purposes of Damages Only.**

Defendant raises for the very first time in its Brief in Opposition to Class Certification the arguments that either the Outside Sales Exemption or the Motor Carrier Exemption could apply

such that there is lack of commonality.[3] The Outside Sales Exemption and the Motor Carrier Exemption, like any other exemption under the PMWA (or the FLSA for that matter) must be strictly proven by Defendant. See Packard v. Pittsburgh Transp. Co., 418 F.3d 246, 258 (3d Cir. 2005). At this juncture, Defendant has no evidence supporting this defense[4]. Defendant certainly had the opportunity during the extended discovery in this matter to fully develop the evidence necessary to support such an exemption and failed to do so. It should be estopped at this late juncture from now preventing class certification on what is strictly a question of the legality of the Salary Plus Plan under the PMWA.[5] Defendant has failed to properly plead as a defense within its Answer to Plaintiff's Complaint that either the "Outside Sales" or the "Motor Carrier" exemptions applies. Defendant has failed to preserve its right to assert such a defense as a result of its failure to plead the defenses within its Answer. Defendant's failure to properly plead such asserted exemption defenses is fatal to Defendant's current attempt defeat Plaintiff's Motion for

---

[3] Defendant concedes same in footnote no. 2 of its Brief in Opposition (Document 65).Prior to this Kraft made only a general defense in its Answer to Amended Complaint (New Matter: Par. 7 - "The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because overtime compensation requirements do not apply to Plaintiff because Plaintiff falls within the exemptions and exclusions under federal and state wage and hour law.")(The same basic defense is made in the initial Answer to Complaint.)

[4] The lack of evidence of record in support of Defendant's argument is breathtaking. Defendant offered no deposition testimony in support, but only one cursory Affidavit from Weston Rose that by itself at most creates an issue of fact on precisely how much time the WWSRs spend on some of their respective duties. Even Rose's affidavit, however, makes it clear the primary duty of the WWSRs is to stock and merchandise, not sell. See Kraft's Declaration of Weston Rose (Document 65-1).

[5] Defendant's assertion that the Outside Sales Exemption and the Motor Carrier Exemption could reduce the number of weeks the W2WSRs are entitled to (nowhere in the Brief or anywhere else has Defendant argued the exemptions fully destroy the W2WSRs' entitlement to overtime) goes beyond mere tardiness. It also squarely contradicts the whole thrust of Defendant's position since the beginning of the litigation. Indeed, Defendant's Answer to Plaintiff's Amended Individual and Class Action Complaint (Document 57) is replete with admissions that Plaintiff and the W2WSRs were classified as non-exempt employees after July 1, 2007. See Answer to Amended Complaint (Document 57) at ¶¶38, 39, 43 and 44. The same is true of the original Answer (Document 9). Is the Court now to presume that Defendant really did not mean to classify its employees as non-exempt as of July 1, 2007, but only intended to mislead its employees into thinking they were non-exempt? Or that the brain trust at Kraft simply made a mistake? Or is it that Kraft was simply waiting for an opportune time to raise this defense as a means of further delaying the proceeding? (This matter was first filed on April 16, 2009. Discovery was extended until July 7, 2011. Not once during this extended period did Defendant explicitly raise either of these defenses or seek discovery on these issues from Plaintiff or other W2WSRs.)

Class Certification.

        Respectfully submitted,
        /s/Joseph H. Chivers
        Joseph H. Chivers, Esquire
        Suite 1010
        100 First Avenue
        Pittsburgh, PA  15222
        jchivers@employmentrightsgroup.com
        (412) 227-0763

        John R. Linkosky, Esquire
        John Linkosky & Associates
        715 Washington Avenue
        Carnegie, PA 15106
        linklaw@comcast.net
        (412) 278-1280
        Counsel for Plaintiff and Class

Dated: February 15, 2012