IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRI L. FOSTER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 09-453 |
| v. | ) ) | Judge Cathy Bissoon |
| KRAFT FOODS GLOBAL, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 45) will be denied, and the Court holds that payment of overtime under the fluctuating workweek method, at one-half times an employee's "regular" or "basic" rate, as opposed to one and one-half times (or more), is impermissible under 34 Pa. Code § 231.43(d)(3). The remainder of the parties' Motions (*see* Docs. 52, 54, 70, 71 & 73) will be resolved as described below.

  A. **Defendant's Motion for Summary Judgment (Doc. 45)**

    *1. The Fluctuating Workweek Under the Pennsylvania Minimum Wage Act*

The parties' disputes center around the fluctuating workweek method of overtime compensation. The origins of this method date back to a Supreme Court decision in 1942, and it subsequently has been reduced to federal regulation in 29 C.F.R. § 778.114. *See generally* Anthony J. Galdieri, Esq., *The Fluctuating Workweek: How It Works, How It's Treated,*

*How It's Perceived*, 8 Pierce L. Rev. 157, 159 (Feb. 2010) (citing <u>Overnight Motor Transp. Co. v. Missel</u>, 316 U.S. 572 (1942)). As one commentator aptly summarized:

> [The fluctuating workweek method] allows an employer to pay an employee a fixed, weekly salary, regardless of the number of hours worked. Each week, the employee's fixed salary is divided by the number of hours worked during the week to determine the employee's regular rate of pay. Because the fixed salary is designed to compensate the employee upfront for some overtime, an employee is paid one-half her regular rate for every hour she works over forty, instead of one and one-half times her regular rate. Thus, the more the employee works and the more overtime the employee logs, the less . . . she is paid for each additional hour of overtime. This result is permissible because the employee's salary compensates the employee for some overtime upfront, allowing the employer to drop her hourly rate with every additional hour worked and to pay the employee at one-half her regular rate . . . for every hour worked over forty.

*Id.* at 159-60 (citing 29 C.F.R. § 778.114) (internal citations and footnotes omitted).[1]

The question in this case is whether the fluctuating workweek method (hereinafter, "the FWW method") is permissible under the Pennsylvania Minimum Wage Act ("PMWA") and the regulations promulgated thereunder. Defendant maintains that the FWW method is permissible under 34 Pa. Code § 231.43(d)(3), which, in relevant part, states:

> No employer may be deemed to have violated [the PMWA] by employing an employee for a workweek in excess of [40 hours] if, under an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in the workweek in excess of [40 hours] . . . [i]s computed at a rate not less than 1 ½ times the rate established by the agreement or understanding as the basic rate to be used in computing overtime compensation thereunder . . . .

*Id.*

---

[1] The above-quoted article provides concise summaries of the history of the fluctuating workweek method, the legal effects afforded it in various jurisdictions, and an even-handed presentation of its endorsements and criticisms.

Defendant does not claim that its compensation policy is permissible under the provisions in Section 231.43(b), regarding wages paid on a "per-day" or "per-job" basis:

> If the employee is paid a flat sum for a day's work or for doing a particular job without regard to the number of hours worked in the day or at the job . . ., his regular rate is determined by totaling all the sums received at the day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for hours worked in excess of 40 . . . .

*Id.*; *cf.* Def.'s Br. (Doc. 46) at 6-11 (citing, in every instance, Section 231.43(d) as basis for permissibility of FWW method) *and id.* at 8 (stating that "it is irrelevant" whether Defendant's policy complied with Section 231.43(b)).[2]

In deciding whether the FWW method complies with Pennsylvania law, the Court does not write on a blank slate. In <u>Cerutti v. Frito Lay, Inc.</u>, 777 F. Supp.2d 920 (W.D. Pa. 2011), Judge Joy Flowers Conti rejected many of the same arguments presented here, made by one of the same law firms representing Defendant in this case. Judge Conti held that the defendant's payment of overtime under the FWW method, at one-half times the regular rate, failed to satisfy Pennsylvania Code Section 231.43(d), because that Section expressly requires overtime payment at a rate of one and one-half times the regular rate. *Id.* at 945. The undersigned agrees.

As Judge Conti observed, a plain reading of Section 231.43(d) requires Defendant to pay its employees in question at a "rate <u>not less than 1 ½ times</u> the rate established by the [parties'] agreement or understanding as the basic rate." *Id.* (emphasis added). Defendant admittedly paid the employees only one-half time for all hours worked in excess of forty, consistent with the

---

[2] To the extent that Defendant seeks to preserve its potential arguments under Section 231.43(b), *see* Doc. 64 at 5 n.2, the Court rejects those arguments for the same reasons stated in <u>Friedrich v. U.S. Computer Servs., Inc.</u>, 833 F. Supp. 470 (E.D. Pa. 1993). *See id.* at 474-75 (subsection (b) applies "to employees such as migrant farm workers, seasonal construction workers, house painters, and other independent contractors who offer their services on a per-day or per-job basis for a flat fee").

3

FWW method under the FLSA. *See* Def.'s Br. (Doc. 46) at 19. Had the Pennsylvania regulatory body wished to authorize one-half-time payment under Section 231.43(d), it certainly knew how to do so. *See* 34 Pa. Code § 231.43(b) (for work compensated on per day or per-job basis, employee is "entitled to extra <u>half-time pay</u> . . . for hours worked in excess of 40") (emphasis added). The state regulators were well aware of the federal regulations, as evidenced by their verbatim adoption of 29 C.F.R. § 778.112, regarding "day rate[]" and "job rate[]" employees. *Compare* 34 Pa. Code § 231.43(b) *and* 29 C.F.R. § 778.112 (containing identical language). As the court in <u>Friedrich</u> stated:

> [T]he overtime compensation scheme outlined in the federal regulations was adopted at least as far back as 1950[, and t]he state regulations were adopted in 1977. . . . The fact that § 231.43(b) is analytically identical to the two federal regulations[, *i.e.*, Sections 778.112 and 778.114] – and exactly identical to one of them, § 778.112 -- indicates that [Pennsylvania's] Industrial Board of the Department of Labor and Industry knew about the federal regulations when drafting the state regulations. The Industrial Board adopted -- verbatim -- one of the regulations, but did not adopt the other. <u>To hold that the Industrial Board intended to adopt both federal regulations, even though the language of only one appears in the state regulations, would be to ignore what the Industrial Board actually did. While it might be convenient for . . . multi-state employers if federal law and Pennsylvania law were identical on the issue of overtime compensation, the fact is that they are not</u>.

*Id.*, 833 F. Supp. at 476 (some citations and footnote omitted, emphasis added); *see also generally* <u>Tasker v. DHL Retirement Savings Plan</u>, 621 F.3d 34, 42 (1st Cir. 2010) (when regulatory body "includes particular language in one section . . . but omits it in another section [in] the same [area]," it is presumed that drafters "act[ed] intentionally and purposely in the disparate inclusion or exclusion") (citations and internal quotations omitted) *and* <u>Russello v. U.S.</u>, 464 U.S. 16, 23 (1983) (rejecting argument that "differing language in . . . two subsections ha[d] the same meaning in each"; "[w]e would not presume to ascribe this difference to a simple mistake in draftsmanship").

The universe of legal authority addressing the permissibility of the FWW method under the PMWA is a relatively closed one, and having reviewed all of that authority, the Court finds most persuasive the decisions in Cerutti and Friedrich, quoted *supra*. Defendant's citation to other decisions, including a later ruling in Friedrich, is not persuasive.

In Friedrich, the court initially rejected the defendants' request for summary judgment under the FLSA, finding an issue of material fact regarding whether there was a "clear mutual understanding" between employer and employee as to the FWW policy, as required in 29 C.F.R. § 778.114. *See id.*, 833 F. Supp. at 470 (discussing decision issued on August 23, 1990).[3] In light of this ruling, the defendant later sought summary judgment regarding the plaintiffs' PMWA claims under 34 Pa. Code § 231.43(b), which, not coincidentally, omits the language in 34 Pa. Code § 231.43(d)(3) regarding "an agreement or understanding," akin to the "clear mutual understanding" requirement in 29 C.F.R. § 778.114. For the reasons quoted hereinabove, the Friedrich Court rejected the defendant's suggestion that its purported compliance with 34 Pa. Code § 231.43(d) established its compliance with Section 231.43(b). *See* discussion *supra* (quoting Friedrich, 833 F. Supp. at 476).

In a later Friedrich decision, relied upon by Defendant, the court granted the defendant's motion for a new trial, holding that the plaintiffs' jury verdict under the PMWA could not withstand evidence regarding the "agreement or understanding" requirement in Section 231.43(d)(3). *See* Friedrich, 1996 WL 32888, *10-12 (E.D. Pa. Jan. 22, 1996). In this context, the court noted that "[i]t [was] undisputed" by the parties "that the defendant's overtime compensation plan," *i.e.*, the FWW method, "complie[d] with the [other] substan[tive] provisions]" in 29 C.F.R. § 778.114. *Id.* at *10.

---

[3] The Friedrich Court later granted summary judgment on the plaintiffs' FLSA claims, on unrelated grounds. *See id.*, 787 F. Supp. 449 (E.D. Pa. 1991).

5

In a vacuum, the Friedrich Court's assertion may appear to support Defendant's position. This Court, however, believes that defense counsel reads too much into the decision. There is no indication that the Friedrich Court was called upon to address, or did address, the discrete question of whether the FWW method, paid at one-half times the regular rate, is permissible under Section 231.43(d)(3). Rather, the court accepted the defendant's substantive compliance with the PMWA as "undisputed" by the parties, and there is no indication that the court independently considered or determined whether overtime payment at one-half regular time satisfies Section 231.43(d)(3). *See generally* LeBlanc v. E.P.A., 2009 WL 331557, *5 n.3 (6th Cir. Feb. 12, 2009) (courts "will address only the issues properly [placed] before [them]").

This Court has no reason to believe that the Friedrich Court would have viewed its ruling as determinative of the central issue presented in this case. Even if it did, the undersigned respectfully concludes that such reasoning could not survive Friedrich's other analyses regarding the state regulators' adoption, verbatim, of 29 C.F.R. § 778.112, but not Section 778.114. *See* discussion *supra*; *see also* Cerutti, 777 F. Supp.2d at 945 ("Section 231.43(d)(3) clearly requires that OT pay be computed at 1 [and] ½ times," and, "[u]nder a plain reading of that regulation," defendant's payment of overtime at one-half rate was impermissible).

Defendant also makes much of Judge Conti's assertion in Cerutti that she was not required to "predict whether Pennsylvania courts would recognize the FWW method" under the PMWA. *See id.* at 945; *see also id.* (regarding whether defendant's "method of compensating plaintiffs according to the FWW would be lawful in Pennsylvania, the court finds this question . . . irrelevant because [the defendant's] OT payment to plaintiffs in the amount of one-half times their regular pay . . . does not comport with" Section 231.43(d)(3)). Defendant's FWW policy here was materially identical to the employer's policy in Cerutti, and the language of Judge Conti

6

emphasized by defense counsel is, in fact, "irrelevant" to the precedential weight that should be afforded her ruling. Defendant has not, and cannot, distinguish Cerutti, and the undersigned joins Judge Conti in her ultimate conclusion.

The Court further concludes that the language in Cerutti is harmonious with the holding in this case. Under 29 C.F.R. § 778.114, the FWW method permits the payment of overtime "at a rate not less than one-half [of the employee's] regular rate of pay." *Id.* The one-half rate is a floor, not a ceiling, and, presumably, an employer in Pennsylvania could comply with both 29 C.F.R. § 778.114 and 34 Pa. Code § 231.43(d)(3) by compensating its employees at 1 and ½ times the "regular" or "basic" rate, calculated under the traditional FWW formula.[4]

The undersigned, like Judge Conti, need not predict whether Pennsylvania courts would recognize the FWW method as permissible under the PMWA. The undersigned joins Judge Conti, however, in holding that payment of overtime under the FWW method at one-half times the regular or basic rate, as opposed to one and one-half times (or more), is impermissible under the plain language of 34 Pa. Code § 231.43(d)(3).[5]

For the reasons stated above, the Court finds the other authority relied upon by Defendant either distinguishable or unpersuasive. The Court further notes that the opinion letter of the

---

[4] An application of the FWW method under Section 231.43(d)(3) still may provide an employer savings as compared to payment at a flat, hourly rate. Compare, for example, an FWW employee who is paid a $400/week salary, versus an hourly worker paid at $10/hour. If both employees work 50 hours, the hourly employee would make $550 (40 hours x $10/hour = $400, plus 10 hours x $15/hour = $150), and the FWW/PMWA employee would make $520 ($400 "salary," plus 10 hours of overtime, paid at 1.5 times the "basic" rate of $8, the basic rate being calculated by dividing the $400 "salary" by the number of hours worked, *i.e.*, 50). Thus applied, the FWW method also may benefit the employee because she would be assured $400/week salary, even if her hours worked in a given week were less than 40.

[5] By definition, this Court's ruling constitutes a prediction of Pennsylvania law. *See* Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 45-46 (3d Cir. 2009) ("[i]n the absence of a controlling decision by the Pennsylvania Supreme Court, a federal court applying that state's substantive law must predict how Pennsylvania's highest court would decide") (citations omitted).

Pennsylvania Labor Law Compliance Division, dated February 26, 2003, is, by its own terms, inapposite. *See* Ltr. (attached under Doc. 46, at pgs. 29 through 31) ("The issue of fluctuating workweek is a matter of law that requires judicial interpretation and resolution.").

Finally, the Court would be remiss in failing to directly address the theoretical underpinnings of Defendant's arguments in support of the FWW method under the PMWA, summarized by counsel as follows:

> The FWW method complies with the . . . PMWA's [1 and ½ times] requirement because <u>the employee's weekly salary is intended to compensate Plaintiff for all hours worked . . .[, including] overtime hours</u>. Thus, the employee receives the "time" for each hour worked by receiving a weekly salary and is only entitled to the "and a half" of her regular rate for hours worked in excess of forty. Once the half is paid, <u>the employee has received the full time and one-half for all overtime hours</u>.

Def.'s Br. (Doc. 46) at 6 (emphasis added).

While this is, no doubt, the rationale underlying the FWW method under the <u>federal</u> regulations, the fact remains that nowhere in 34 Pa. Code § 231.43(d)(3) is it stated or implied that the "1 ½ times" means payment of "1 times" under a "salary," and " ½ times" through additional overtime compensation. Had the regulators meant that overtime should be compensated at an "extra half-time pay" rate, they could have said so, as they did in Section 231.43(b). *Accord* 29 C.F.R. § 778.114(a) (explicitly referencing "one-half [the regular] rate"). The state regulators did <u>not</u> say this in Section 231.43(d)(3), however, and Defendant's position presents a textbook example of trying to force a square peg into a round hole.

For all of the reasons stated above, the Court concludes, and therefore holds, that payment of overtime under the FWW method, at any rate less than one and one-half times the "regular" or "basic" rate, is impermissible under 34 Pa. Code § 231.43(d)(3).

2. *Plaintiff's Purported Failure to Work More than 40 Hours Per Week*

Defendant also requests summary judgment on the basis that the named Plaintiff, Terri Foster, did not work over 40 hours in a workweek during the relevant timeframe. *See* Def.'s Br. (Doc. 46) at 19-20 (citing Defendant's time records for Plaintiff). Plaintiff has testified, however, that she did work in excess of 40 hours per week during that timeframe, and that management forbade her to record any overtime. *See* Pl.'s Dep. Tr. (filed under Doc. 51-3) at 92-95, 115-16. Read in a light most favorable to her, Plaintiff's testimony presents issues of material fact regarding whether she did, in fact, work overtime, whether Defendant knew or should have known that Plaintiff worked overtime, and whether Defendant forbade or discouraged her from recording overtime worked. *See generally* Stanislaw v. Erie Indem. Co., 2012 WL 517332, *9-10 (W.D. Pa. Feb. 15, 2012) (under FLSA, summary judgment is inappropriate where plaintiff testifies that employer discouraged him or her from accurately recording overtime) (citations omitted); Barvinchak v. Indiana Regional Medical Center, 2007 WL 2903911, *8 (W.D. Pa. Sept. 28, 2007) (applying similar standards under PMWA).[6]

Under the circumstances, Defendant is not entitled to summary judgment.

B. **Plaintiff's Motion for Class Certification (Doc. 54)**

Although the circumstances surrounding Plaintiff's purported working of unrecorded overtime do not warrant the entry of summary judgment against her, they do raise questions regarding the typicality of her claims under Federal Rule of Civil Procedure 23(a).

---

[6] The Court summarily rejects Defendant's theory that Plaintiff lacks standing because, even if she undoubtedly worked overtime, Defendant's FWW calculation was never applied to those hours. Defendant must concede that, if Plaintiff unquestionably worked overtime during the relevant timeframe, she is entitled to overtime compensation (if only under the FWW method as endorsed by Defendant). Defendant could not, for example, defeat standing to pursue this case by simply refusing to record hours worked over forty for any or all of its employees.

As Defendant highlights, Plaintiff's potential entitlement to overtime payment is reliant on her post-hoc assertions that she worked more than 40 hours per workweek but did not record those overtime hours. *See* discussion *supra*. In addition, Plaintiff only worked a total of sixteen (16) days during the relevant timeframe (July 1, 2007 to present), before being placed on disability leave and never returning to work. *See* Def.'s Br. (Doc. 46) at 4; *see also* Pl.'s Resp. to Def.'s Stmt. of Undisputed Facts (Doc. 61) at ¶ 3 (admitting essentially same).

The typicality requirement considers, among other things, whether the "factual position of the representative[] is markedly different from that of other members of the class even though common issues of law or fact are present." Marcus v. BMW of North America, LLC, -- F.3d --, 2012 WL 3171560, *10-11 (3d Cir. Aug. 7, 2012) (citation to quoted and other sources omitted). Although the typicality standard is not a particularly onerous one, Plaintiff bears the burden under Rule 23, and putative class counsel have not sufficiently assuaged the Court's concerns regarding the seeming atypicality of the named-Plaintiff's claims.

Accordingly, Plaintiff's Motion for Class Certification will be denied, without prejudice.

### C. Plaintiff's Motion for Leave to Add Additional Named Plaintiffs (Doc. 73)

In light of the Court's ruling regarding the FWW method, and its concerns as to the current named-Plaintiff's typicality under Rule 23, the Court concludes that granting Plaintiff's request for leave to add named plaintiffs is appropriate. *See generally* James v. Jones, 148 F.R.D. 196, 202-203 (W.D. Ky. 1993) ("[f]ederal courts, in the interests of justice and judicial economy, may permit the introduction of new class representatives by way of amended [c]omplaint") (citation omitted, emphasis added). Although the Court is not entirely insensitive to Defendant's arguments regarding delay, its claims of prejudice are exaggerated.

Contrary to Defendant's assertion, allowing Plaintiff to amend would not "require this Court and [the p]arties to re-litigate a three-year old case from scratch." *See* Def.'s Br. (Doc. 81) at 1. Rather, the Court's adjudication of the Motions addressed herein has significantly narrowed the issues in this case. *See* discussions *supra* (resolving permissibility of FWW method under PMWA, and current named-Plaintiff's ability to withstand summary judgment on her individual claims). During the pendency of this "three-year-old case," the parties have expended substantial time and energy effectuating settlement of a portion of the original putative class period. *See generally* Def.'s Br. (Doc. 46) at 1. The case also was stayed for over nine months, pending Judge Conti's adjudication of the FWW issue in Cerutti. In furtherance of a stay, Defendant then represented that an "identical issue regarding the FWW [method]" was being presented to Judge Conti in Cerutti. *See* Doc. 28 at 2. Then, after Cerutti was decided, defense counsel resubmitted the same issue here, through extensive briefing. Having now taken a second opportunity to exhaustively litigate the FWW issue in this Court, defense counsel's complaints of prejudice ring hollow.[7]

As to delay, while Plaintiff's counsel could and should have addressed issues regarding the appropriateness of class representative(s) sooner, denying leave to join additional plaintiff(s) would only encourage the prosecution of another lawsuit, thereby resulting in further delay. *See* Compl. in Dziadyk v. Kraft Foods Group, Inc., Civil Action No. 12-205 (Bissoon, J.)

---

[7] For the purposes of evaluating prejudice, the Court does not impute to Defendant the litigation strategies of a different party-employer. This being said, Defendant did represent that the FWW issue in Cerutti was "identical" to the one presented here, and principles of *stare decisis* apply equally to all litigants. *See* Wilson v. Vaughn, 533 F.3d 208, 214 (3d Cir. 2008) ("*stare decisis* declares that for the sake of certainty, a conclusion reached in one case should be applied to those [that] follow, if the facts are substantially the same, even though the parties may be different") (citation to quoted source omitted)

(asserting materially similar claims against Defendant, on behalf of proposed additional plaintiffs identified in this case).

Under the specific circumstances presented, the Court concludes that the interests of justice and efficiency promoted by granting leave to amend outweigh Defendant's assertions of undue prejudice and delay. Thus, Plaintiff's Motion will be granted.

### D. The Parties' Remaining Motions, and Status/Settlement Conference

The Court quickly may dispose of the parties' remaining Motions.

Plaintiff's Motion for Summary Judgment (Doc. 52) will be denied. The subject of Plaintiff's Motion, the FWW method, already has been adjudicated within the context of Defendant's cross-Motion for Summary Judgment. Plaintiff's Motion does not attempt to demonstrate the named-Plaintiff's individual entitlement to final judgment, and the Court already has concluded that issues of material fact preclude such a determination at this stage. *See* discussion *supra* (regarding whether Plaintiff did, in fact, work overtime, *et cetera*).

Defendant's Motion to strike the affidavits of Plaintiff (Doc. 71) and her co-workers (Doc. 70) will be denied as moot. The Court's summary judgment rulings do not rely on these submissions, although the undersigned believes, and therefore holds, that the co-workers' affidavits may be considered in support for Plaintiff's Motion for leave to add parties.

Finally, the Court will schedule a status/settlement conference to discuss with counsel where this case will go from here. Given the good faith, reasonable and ultimately successful efforts of the parties to settle the claims now asserted under Civil Action No. 11-1514, the undersigned believes that further settlement discussions and/or ADR may be fruitful, in light of the Court's ruling on the FWW issue.

At the Conference, persons with full settlement authority must be present. A person with full settlement authority is not someone who is required to consult with other individuals, by telephone or otherwise, to obtain approval for any proposed settlement term or amount.

In addition, counsel shall be prepared to discuss the status, and potential dismissal as appropriate, of the claims filed under Civil Action No. 12-205. These discussions will be had during, or immediately after, the Conference in this case, and an order scheduling Civil Action No. 12-205 for conference will be entered in its docket.

Consistent with the foregoing, the Court enters the following:

## II. ORDER

Defendant's Motion for Summary Judgment (**Doc. 45**) is **DENIED**; Plaintiff's Motion for Summary Judgment (**Doc. 52**) is **DENIED**; Plaintiff's Motion for Class Certification (**Doc. 54**) is **DENIED WITHOUT PREJUDICE**; Defendant's Motions to Strike (**Docs. 70 & 71**) are **DENIED**; and Plaintiff's Motion for Leave to Add Additional Plaintiffs (**Doc. 73**) is **GRANTED**, although Plaintiff shall hold in abeyance the filing of amendment. A Status/Settlement Conference is scheduled for **September 14, 2012, at 10:00 a.m.**, subject to the instructions above.

IT IS SO ORDERED.

August 27, 2012                                     s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All counsel of record

13