IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI L. FOSTER
    on behalf of herself
    and others similarly situated

        Plaintiff,

        v.

KRAFT FOODS GROUP, INC.,

            Defendant.

-----------------------------------------------------------

JOHN DZIADYK, CRISTIE BUZA, CRAIG
JOHNSTON, and DONALD MIKEC,
    on behalf of themselves
    and all others similarly situated

        Plaintiffs,

        v.

KRAFT FOODS GROUP, INC.,

            Defendant.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

CIVIL Action Nos. 2:09-cv-00453 and
2:12-cv-00205

## JOINT MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

    **AND NOW COME** the Parties, by and through their counsel, and hereby file this Joint

Motion for Preliminary Approval of Class Action Settlement. In support of said Motion, the

parties state the following:

        1.    The parties have entered into a Stipulation of Settlement in which the

parties have agreed to settle this action as a class action.

2.      The  Stipulation of Settlement provides that the parties shall jointly move for the issuance of an order from the Court which, *inter alia*:

       a.      tentatively approves the settlement;

       b.      tentatively certifies, for purposes of settlement only, a Class Action pursuant to PMWA;

       c.      sets a hearing, upon notice to Plaintiff and Class Members, on the issue of whether the settlement should be approved as fair and reasonable to the Class Members and that the class action as certified be dismissed;

       d.      approves the form of the notice to be sent to Class Members, together with a Claim Form, and prescribes the manner in which Class Members shall be notified and the deadline for submitting the Claim Form;

3.      For the reasons set forth in the Joint Stipulation and Settlement of Class Action Claims, the parties assert that the settlement is fair and reasonable and adequate to all members of the Class, that the proposed notice adequately informs the class of the nature of the settlement, that the manner in which the notice is to be mailed satisfies the requirements of the PMWA, and that the Parties will comply with CAFA for notifying the appropriate state attorney generals.

**WHEREFORE**, the Parties request this Court approve the attached proposed Preliminary Approval Order.

Respectfully submitted,


 /s/Joseph H. Chivers
Joseph H. Chivers, Esquire
   Suite 1010
   100 First Avenue
   Pittsburgh, PA  15222
   jchivers@employmentrightsgroup.com
   (412) 227-0763

   John R. Linkosky, Esquire
   John Linkosky & Associates
   715 Washington Avenue
   Carnegie, PA 15106
   linklaw@comcast.net
   (412) 278-1280

   Counsel for Plaintiffs and Class

 /s/Samantha D. Hardy
   Maria Greco Danaher, Esquire
   Ogletree, Deakins, Nash, Smoak & Stewart
   Four Gateway Center
   Suite 400
   444 Liberty Avenue
   Pittsburgh, PA 15222
   maria.danaher@ogletreedeakins.com
   (412) 394-3990

   Samantha D. Hardy, Esquire
   Sheppard Mullin Richter & Hampton, LLP
   501 West Broadway, 19th Floor
   San Diego, CA 92101
   shardy@sheppardmullin.com
   (619) 338-6500

   Counsel for Defendant
   Kraft Foods Group, Inc.



Dated:  September 28, 2012

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRI L. FOSTER<br>on behalf of herself<br>and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GROUP, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | CIVIL Action Nos. 2:09-cv-00453 and 2:12-cv-00205 |
| JOHN DZIADYK, CRISTIE BUZA, CRAIG JOHNSTON, and DONALD MIKEC,<br>on behalf of themselves<br>and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>KRAFT FOODS GROUP, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## JOINT STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS

# TABLE OF CONTENTS

**Page**

1. DEFINITIONS ................................................................................................................. 1

2. BACKGROUND ............................................................................................................. 3

3. SCOPE, PURPOSE, AND BENEFITS OF THE SETTLEMENT ................................... 4

   3.1   Purpose ................................................................................................................. 4

   3.2   Benefits of Settlement to Plaintiffs ...................................................................... 4

   3.3   Defendant's Reasons for Settlement ..................................................................... 5

   3.4   Full Investigation ................................................................................................. 5

4. JURISDICTION .............................................................................................................. 6

5. STATEMENT OF NO ADMISSION ............................................................................. 6

6. CLASS CERTIFICATION ............................................................................................. 8

7. WAIVER, RELEASE, AND DISMISSAL ..................................................................... 8

   7.1   Amendment to Add Claims Under the Fair Labor Standards Act ....................... 8

   7.2   Release and Waiver of Claims by the Class Members ......................................... 9

   7.3   Release and Waiver of Claims by Settlement Class Members ........................... 10

   7.4   General Release and Waiver of Claims by Named Plaintiffs and Buza
         Plaintiffs ............................................................................................................. 11

8. NOTICE, OBJECTIONS, AND OPPORTUNITY TO OPT OUT ................................ 12

   8.1   Notice and Claim Form ...................................................................................... 12

   8.2   Mailing of Notice Packet and Return of Claim Form ........................................ 12

   8.3   Objections ........................................................................................................... 13

   8.4   Opportunity to Request Exclusion from the Settlement ("Opt Out") ............... 14

   8.5   No Solicitation of Settlement Objections or Exclusions .................................... 15

   8.6   Defendant's Right to Cancel .............................................................................. 16

9. CLAIMS PROCEDURE ............................................................................................... 16

|   |   | 9.1 | Claim Forms | 16 |

| 10. | | | COMPUTATION AND DISTRIBUTION OF PAYMENTS | 19 |
| | 10.1 | | Total Settlement Amount | 19 |
| | 10.2 | | Payout Fund | 19 |
| | 10.3 | | Distribution to the Settlement Class Members | 20 |
| | 10.4 | | No Impact on Employee Benefits | 22 |
| | 10.5 | | Payment To Named Plaintiffs and Buza Plaintiffs | 23 |
| | 10.6 | | Payment To Plaintiffs' Counsel | 24 |
| | 10.7 | | The Claims Administrator | 25 |
| | 10.8 | | Operation of the Settlement Fund | 27 |
| | 10.9 | | Time for Distribution | 27 |
| | 10.10 | | Retention of Unused Funds by Defendant | 28 |
| | 10.11 | | Completion Of The Settlement | 28 |
| | 10.12 | | Nullification Of The Settlement | 28 |
| 11. | | | TAXATION | 29 |
| 12. | | | COURT APPROVAL | 30 |
| 13. | | | MISCELLANEOUS PROVISIONS | 32 |
| | 13.1 | | Headings | 32 |
| | 13.2 | | Stay of Litigation | 32 |
| | 13.3 | | Confidentiality Prior to Preliminary Approval | 33 |
| | 13.4 | | Limited Publicity Following Final Approval | 33 |
| | 13.5 | | No Retaliation | 34 |
| | 13.6 | | Interpretation of the Stipulation | 34 |
| | 13.7 | | Final Agreement | 34 |
| | 13.8 | | Amendment or Modification | 35 |

**13.9   Counterparts** ...................................................................................35

**13.10   Authority** .........................................................................................35

**13.11   No Injunctive Relief** ........................................................................35

**13.12   Binding on Successors and Assigns** ...............................................36

**13.13   Cooperation and Drafting** ..............................................................36

**13.14   Invalidity of Any Provision** ...........................................................36

**13.15   Named Plaintiffs' and Buza Plaintiffs' Waiver of Right to Be Excluded and Object** ..........................................................................36

**13.16   Defense** .............................................................................................36

**13.17   Jurisdiction of the Court** ...............................................................37

This Joint Stipulation and Settlement of Class Action Claims (the "Stipulation" or "Settlement") is made by and between Named Plaintiffs Terri Foster ("Foster"), John Dziadyk, Cristie Buza, Craig Johnston, Donald Mikec ("Dziadyk Plaintiffs") (Foster and the Dziadyk Plaintiffs are together referred to as the "Named Plaintiffs") and Cristie Buza, Jenny Key, Laura Marconi, John Dziadyk, Donald Mikec, Craig Johnston, Thomas Steenbergen and Lin Greenwald, those individuals who are either named plaintiffs in, or who have affirmatively opted in to the Buza action (Cristie Buza v. Kraft Foods Group, Inc., 1:12-cv-00068), ("Buza Plaintiffs") on behalf of themselves and the Class Members on the one hand, and Defendant Kraft Foods Group, Inc. ("Kraft" or "Defendant") on the other hand, and, as explained in more detail below, is intended to resolve the putative class actions captioned Terri Foster v. Kraft Foods Group, Inc., Case No. 2:09-cv-00453 and John Dziadyk v. Kraft Foods Group, Inc., Case No. 2:12-cv-00205, both pending before the Honorable Cathy Bissoon in the United States District Court for the Western District of Pennsylvania (the "Lawsuits"). This Stipulation shall have the effect of settling both the Foster and Dziadyk lawsuits. As part of this Stipulation, the Buza Plaintiffs will agree to dismiss with prejudice the putative collective action titled Cristie Buza v. Kraft Foods Group, Inc., 1:12-cv-00068, pending in the Western District of Pennsylvania before the Honorable Sean McLaughlin, and to submit a declaration explaining the dismissal is based on Plaintiffs' Counsels' assessment that the Fair Labor Standards Act ("FLSA") claims in that case lack sufficient merit to proceed on a collective action basis.

## 1.   DEFINITIONS

    **1.1**    The term "Settlement" means the settlement described in this Stipulation.

    **1.2**    The term "Claims Administrator" means Boston Financial Data Services, Inc., the firm that the Parties mutually agreed shall be responsible for the administration of the

Settlement, distribution of any amounts owed under this settlement, and matters necessarily related thereto, pursuant to the terms of this Stipulation.

    **1.3**    The term "Court" as used herein means the United States District Court for the Western District of Pennsylvania.

    **1.4**    The term "Plaintiffs' Counsel" means Joseph H. Chivers of The Employment Rights Group and John R. Linkosky of John Linkosky and Associates.

    **1.5**    As used in this Stipulation, "Effective Date" means the date by which this Stipulation is finally approved as provided herein and the Court's Final Judgment becomes final. For purposes of this paragraph, the Final Judgment "becomes final" upon the latter of:  (i) the date affirmance of an appeal of the Judgment becomes final or the expiration of the time for filing a petition for review or certiorari of or as to the Final Judgment or of any court of appeals' decision relating to the Final Judgment and, if review is granted, the date of final affirmance of the Final Judgment following review pursuant to that grant; (ii) the date of final dismissal of any writ of certiorari as to or appeal from the Judgment or the final dismissal of any proceeding on review of any court of appeals' decision relating to the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment.

    **1.6**    The term "Class Period" means the time period beginning July 1, 2007, and ending on March 31, 2012.

    **1.7**    The term "Plaintiffs" means all present and former employees of Kraft employed in the State of Pennsylvania who were employed as Wall-to-Wall Sales Representatives ("W2W SRs") during the period from July 1, 2007, through March 31, 2012.

    **1.8**    The term "Defendant" means Kraft Foods Group, Inc.

    **1.9**    The term "Parties" means Plaintiffs and Defendant.

1.10    The term "Class Member" means a Plaintiff who has not requested exclusion from the Settlement.

1.11    The term "Settlement Class Member" means a Class Member who has returned a valid and timely Claim Form pursuant to section 9 of this Stipulation.

1.12    The term "Claims" means those claims brought by Plaintiffs alleging that Defendant's "Salary Plus" method of calculating overtime on its W2W SRs' salary violated the Pennsylvania Minimum Wage Act ("PMWA").


2.    **BACKGROUND**

Named Plaintiff Terri Foster filed a lawsuit entitled Terri Foster v. Kraft Foods Global, Inc., Case No. 2:09-cv-00453 in the Western District of Pennsylvania.  The case was assigned to the Honorable Cathy Bissoon.In her Complaint, Foster alleges that Kraft's method of calculating overtime under its Salary Plus plan pursuant to the federal fluctuating workweek ("FWW") method violated the PMWA.  On February 20, 2012, the Dziadyk Plaintiffs filed a lawsuit entitled John Dziadyk et al. v. Kraft Foods Group, Inc., Case No. 2:12-cv-00205, also before the Honorable Cathy Bissoon in the Western District of Pennsylvania.  The claims brought in the Dziadyk lawsuit are identical to the claims brought in the Foster lawsuit.

The applicable time period in this case is from July 1, 2007, through March 31, 2012.  The Parties are defining the class period start date as July 1, 2007, because the Parties previously settled the first portion of the Foster lawsuit, Civil Case No. 2:11-cv-1514, which covered the time period April 16, 2006, through June 30, 2007.  The class period end date is March 31, 2012, because effective April 1, 2012, Kraft switched its compensation system to a different method of calculating overtime, not challenged by Plaintiffs.

The Parties believe this Stipulation constitutes a fair, adequate, and reasonable settlement of the Lawsuits and have arrived at this Stipulation in arms-length negotiations, taking into account all relevant factors, present and potential, and will so represent to the Court.

3.      **SCOPE, PURPOSE, AND BENEFITS OF THE SETTLEMENT**

    3.1     **Purpose**

    This Stipulation is intended to and does effectuate the full, final, and complete resolution of the Claims within these Lawsuits.

    3.2     **Benefits of Settlement to Plaintiffs**

    Named Plaintiffs and Plaintiffs' Counsel recognize the expense and length of continued proceedings necessary to litigate through trial and potential appeal their disputes as to these Lawsuits.  Named Plaintiffs and Plaintiffs' Counsel have also taken into account the uncertainty and risk of the outcome of further litigation on these Claims, and the difficulties and delays inherent in such litigation.  Named Plaintiffs and Plaintiffs' Counsel are also aware of the burdens of proof necessary to establish the appropriateness of class certification in such a case over the objections of Defendant (many of which have been shared with them both formally in the exchange of motions in the Foster matter, and informally during the exploration of potential settlement) and also to establish liability for the Claims asserted in the Lawsuits, both generally and in response to Defendant's defenses thereto (many of which have, likewise, been shared in motion practice and settlement discussions), and the difficulties in establishing damages for the Plaintiffs.  Named Plaintiffs and Plaintiffs' Counsel have also taken into account the extensive motions filed and defended by both sides in the Foster case, and the extensive settlement negotiations conducted.  Based on the foregoing, Named Plaintiffs and Plaintiffs' Counsel have determined that the Settlement set forth in this Stipulation is a fair, adequate and reasonable

settlement, is in the best interests of the Plaintiffs, and is the best way to resolve the disputes between them.

**3.3      Defendant's Reasons for Settlement**

Defendant has concluded that any further defense of the Lawsuits would be protracted and expensive for all Parties. Substantial amounts of time, energy and resources of Defendant have been and, unless this Settlement is made, will continue to be devoted to the defense of the Claims asserted by Named Plaintiffs. Defendant has, therefore, agreed to settle in the manner and upon the terms set forth in this Stipulation to put to rest the Claims as set forth in the Lawsuits.

**3.4      Full Investigation**

Named Plaintiffs and Plaintiffs' Counsel have fully investigated the factual and legal bases for the Claims asserted in the Lawsuits as part of the extensive litigation of Foster. Such investigations have included, *inter alia*, the exchange of information through voluminous written discovery, depositions of Named Plaintiff Foster and Kraft's Persons Most Knowledgeable, interviews of potential witnesses, extensive briefing and argument of multiple motions, and numerous meetings, letters, telephone calls, and conferences between representatives of the Parties. Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding the alleged claims of Plaintiffs and potential defenses thereto, and the damages claimed by Plaintiffs. In pertinent part, the investigation has yielded the following: The gist of the Claims is that Kraft allegedly failed to properly calculate overtime for its W2W SRs under the PMWA through operation of its Salary Plus plan. Plaintiffs are demanding various amounts for wages, interest, attorneys' fees, and other damages. Plaintiffs' Counsel are aware of the defenses and positions of Defendant, but believe Plaintiffs

would ultimately succeed in the Lawsuits. Defendant, on the other hand, contends Plaintiffs were properly and fully paid all overtime in accordance with Pennsylvania law, and/or were exempt from Pennsylvania's overtime requirements. Defendant believes it will ultimately succeed in the Lawsuits.

**4.     JURISDICTION**

The Court has jurisdiction over the Parties and the subject matter of these Lawsuits. The Lawsuits include claims that, while Defendant denies them in their entirety, would, if proven, authorize the Court to grant relief pursuant to the statutes and common law cited therein. If the Settlement is approved, the Court will retain jurisdiction of these actions for the purpose of interpreting, implementing, and enforcing this Stipulation consistent with the terms herein.

**5.     STATEMENT OF NO ADMISSION**

This Stipulation does not constitute, is not intended to constitute, and will not be deemed to constitute, an admission by Defendant as to the merits, validity, or accuracy of any of the allegations or claims made against it in the Lawsuits. Defendant denies, and continues to deny each of the claims and contentions alleged by Plaintiffs in these Lawsuits. Defendant has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Lawsuits. Defendant also has denied, and continues to deny, *inter alia*, the allegations that Plaintiffs have suffered damage, and that Defendants failed to properly calculate any overtime owed in accordance with the Pennsylvania Minimum Wage Act.

Nothing in this Stipulation, nor any action taken or made in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of the negotiations leading to the Stipulation, is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Stipulation may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Stipulation or any orders or judgments of the Court entered into in connection therewith.

All Claim Forms filed or other evidence produced or created by the Parties in connection with the claims resolution procedures do not constitute, are not intended to constitute, and will not be deemed to constitute, an admission by Defendant of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.

The Parties agree that class certification under the terms of this Stipulation is for settlement purposes only. Nothing in this Stipulation will be construed as an admission or acknowledgement of any kind that any class should be certified or given collective treatment in the Lawsuits or in any other action or proceeding for purposes other than the settlement of these Lawsuits. Further, neither this Stipulation nor the Court's actions with regard to this Stipulation will be admissible in any court or other tribunal regarding the propriety of class certification or collective treatment for purposes other than the settlement of these Lawsuits. In the event that this Stipulation is not approved by the Court or any appellate court, is terminated, or otherwise

fails to be enforceable, Defendant will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Lawsuits, including, but not limited to, its defenses in opposition to class certification, and this Stipulation to certification for settlement purposes only will be of no force or effect.

**6.      CLASS CERTIFICATION**

      For the purposes of this Stipulation only, the Parties agree to the certification of the Settlement Class, to include all present and former employees of Kraft employed as Wall-to-Wall Sales Representatives in the State of Pennsylvania, during the period from July 1, 2007, through March 31, 2012.

      Should for whatever reason the Stipulation not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in these Lawsuits, and shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in any other lawsuit.

**7.      WAIVER, RELEASE, AND DISMISSAL**

**7.1      Amendment to Add Claims Under the Fair Labor Standards Act**

      Named Plaintiffs agree to amend their Complaint in <u>Foster</u> to add claims for unpaid wages under the FLSA so that those claims may be settled and released by and through this Stipulation.

**7.2     Release and Waiver of Claims by the Class Members**

The Class Members, including Named Plaintiffs, shall fully and finally release and discharge Defendant and its former and present parents, subsidiaries and affiliated corporations, including, but not limited to Kraft Foods Group, Inc., and its and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all applicable Pennsylvania wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or other relief under Pennsylvania law, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages, (b) any and all claims for the failure to pay earned wages of any kind, (c) any other wage and hour violations ("Released Claims").

The Released Claims include any unknown claims that the Class Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement.

The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or

coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

**7.3    Release and Waiver of Claims by Settlement Class Members**

In addition to releasing the Released Parties from the Released Claims as outlined in Section 7.2, Settlement Class Members also release the Released Parties from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action contingent or accrued, arising under federal law, brought under the FLSA, specifically including, but not limited to, claims for liquidated damages, provided that such claims are related in any way to claims Defendant failed to provide wages of any kind to which Settlement Class Members were entitled to under the FLSA ("Released Federal Claims").

The Released Federal Claims include any unknown claims that the Settlement Class Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement.

The Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Federal Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Federal Claims, whether known or unknown, suspected or unsuspected, contingent or

non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Federal Claims.

### 7.4    General Release and Waiver of Claims by Named Plaintiffs and Buza Plaintiffs

In addition to the releases above, Named Plaintiffs and Buza Plaintiffs make the additional following general release of all claims, known or unknown (the "General Release").

Named Plaintiffs and Buza Plaintiffs fully release and discharge the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof, relating to their employment, other than claims relating to pension and workers compensation, or Named Plaintiffs/Buza Plaintiffs' ability to file charges before the Equal Employment Opportunity Commission (although Named Plaintiffs and Buza Plaintiffs would not be entitled to receive any monetary damages from such charges). This includes any unknown claims Named Plaintiffs and Buza Plaintiffs do not know or suspect to exist in their favor, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to the settlement.

Named Plaintiffs and Buza Plaintiffs may hereafter discover facts in addition to or different from those Named Plaintiffs and Buza Plaintiffs now know or believe to be true with respect to the subject matter of the General Release, but Named Plaintiffs and Buza Plaintiffs upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Named Plaintiffs and Buza Plaintiffs agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the General Release.

## 8.     NOTICE, OBJECTIONS, AND OPPORTUNITY TO OPT OUT

### 8.1     Notice and Claim Form

The Parties jointly propose a Notice of Class Action Settlement ("Notice") in the form attached hereto as Exhibit 1.  The Notice will be mailed with a Claim Form/FLSA Consent Form ("Claim Form") attached hereto as Exhibit 2 (collectively "Notice Packet").

### 8.2     Mailing of Notice Packet and Return of Claim Form

Within three (3) weeks (twenty-one (21) days) of the entry of the Preliminary Approval Order, Defendant shall provide the Claims Administrator with the names, most current mailing address and telephone number, last four digits of each Plaintiff's Social Security number, the length of each Plaintiff's employment during the Class Period, and the Gross Settlement Amount (collectively, the "Class List and Data").  The Claims Administrator shall

keep the Class List and Data confidential as between it and Defendant, and shall not provide it to any other parties, including Plaintiffs, Named Plaintiffs, Buza Plaintiffs, or Plaintiffs' Counsel.

Within forty-five (45) days after entry of the Preliminary Approval Order, the Claims Administrator shall mail the Notice Packet to the Plaintiffs via first-class regular U.S. mail.  Plaintiffs will have thirty (30) days from the mailing of the Notice Packet to submit their claims as explained in more detail in Section 9.1, below.  Prior to mailing, the Claims Administrator will perform one search based on the National Change of Address Database information to update and correct for any known or identifiable address changes.  If a new address is obtained by a way of a returned Notice Packet, then the Claims Administrator shall forward the original Notice Packet to the updated address via first-class regular U.S. mail within ten (10) days of receipt, indicating on the original Notice Packet the date of such re-mailing.  In the event the procedures in this Section are followed and the intended recipient of a Notice still does not receive the Notice, the intended recipient shall remain a Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the Court if the Settlement is approved by the Court.

**8.3     Objections**

The Notice shall provide that in order to assert a valid and timely objection to the Settlement, all objections must be postmarked on or before the 30th day after the mailing of the Notice and mailed to the Claims Administrator.  Unless the Court directs otherwise, the 30-day period applies notwithstanding any argument regarding non-receipt of the Notice.  All objections must be in writing, must include the Plaintiff's name, address, telephone number, and Social Security number, and must state with particularity the basis on which the objections are asserted.  Further, if any objector intends to appear at the final approval hearing, either in person or

through counsel, he or she must include notice of that fact and state the purpose for his or her appearance in his or her objection.  Such objections must be filed with the Court and served on counsel for the Parties no later than 30 days after the Notice is first mailed.  No Class Member shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Stipulation, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Settlement Hearing, unless written notice of the Class Member's intention to appear at the Settlement Hearing, and copies of any written objections or briefs, shall have been filed with the Court and served on counsel for the Parties on or before the 30-day response period has passed.  The Parties will be permitted to respond in writing to such objections prior to the Final Approval Hearing.  Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection in writing or in person (whether by appeal or otherwise) to the Settlement.  Class Members who fail to file and timely serve written objections in the manner specified above will be bound by all terms of the Stipulation and any Final Judgment entered in these Lawsuits if the Settlement is approved by the Court.

**8.4    Opportunity to Request Exclusion from the Settlement ("Opt Out")**

The Notice shall provide that Plaintiffs who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the class which is postmarked on or before the 30th day after the mailing of the original Notice Packet.  Such written request for exclusion must contain the name, address, telephone number and Social Security number of the person requesting exclusion, and the location and years of his or her employment by Kraft.  The opt-out request must be personally signed by the Plaintiff who seeks

to opt out. Each Plaintiff who does not submit an opt-out request in compliance with this paragraph shall be a Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the Court if the Stipulation is approved by the Court. Each Plaintiff who does not submit an opt-out request shall also be eligible to be a Settlement Class Member.

   The opt-out request must be mailed to the Claims Administrator. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion or objection has been timely submitted. Any Plaintiff who requests exclusion from the settlement will not be a Class Member, cannot be entitled to any Individual Settlement Payment, and will not be bound by this Stipulation or have any right to object, appeal, or comment thereon. Plaintiffs who fail to submit a valid and timely request for exclusion on or before the date specified herein shall be bound by all terms of the Stipulation, the Final Approval Order, and the Final Judgment, regardless of whether they have requested exclusion from the Settlement. No later than ten (10) days before the final Settlement Hearing, the Claims Administrator shall provide counsel for the Defendant with a complete list of the names, Social Security numbers, and Gross Settlement Amounts of all Plaintiffs who have timely requested exclusion from the Settlement. The Claims Administrator shall also provide counsel for the Parties with the number and monetary value of valid Claim Forms received from Settlement Class Members.

**8.5**  **No Solicitation of Settlement Objections or Exclusions**

   The Parties agree to use their best efforts to carry out the terms of this Stipulation. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Plaintiffs to submit written objections to the Settlement or request exclusion from the Class, or appeal from or seek review of the Court's Final Approval Order or Final Judgment.

**8.6     Defendant's Right to Cancel**

If, after 30 days have passed after the original mailing of the Notice Packet, and before the final Settlement Hearing, the number of Plaintiffs who have timely filed with the Court requests for exclusion total in number more than the number specified in a separate Supplemental Agreement between the parties, Defendant shall have, in its sole discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute arises among the parties concerning its interpretation or application, and in that event it shall be filed and maintained by the Court under seal.

**9.     CLAIMS PROCEDURE**

The Parties have established a claims procedure to resolve all claims of the Class Members for the Class Period.  This procedure is governed exclusively by the terms and conditions set forth in this Stipulation.  All Class Members who do not opt out pursuant to this Stipulation shall be eligible to submit a claim for an Individual Settlement Payment.  If such a Class Member submits a timely and properly completed Claim Form, then said Class Member will be a Settlement Class Member.  Defendant will pay Individual Settlement Payments to Settlement Class Members only.

**9.1     Claim Forms**

Once the Court grants preliminary approval of the Settlement and the Notice Packet has been mailed to the Plaintiffs, those Plaintiffs choosing not to opt out of the Settlement and who want to file a claim must follow the requirements set forth immediately below:

Plaintiffs must mail the Claim Form to the Claims Administrator, postmarked no later than thirty (30) days after the mailing of the Notice Packet.  Claim Forms received after this date are presumptively untimely and invalid.

Unless a Plaintiff submits a timely and valid request for exclusion, failure to return a valid Claim Form within the prescribed time period will disqualify him or her from seeking monetary relief and his or her claims for the Class Period will be extinguished.  An allegation by a Plaintiff that he or she did not receive the Notice Packet shall not be cause for the Claims Administrator to accept a Claim Form that was postmarked more than thirty (30) days after the date of mailing of the Notice Packet.

The Claim Form will ask for certain identifying information.  A Claim Form shall be deemed "valid" only if:  (1) the Plaintiff has provided on the Claim Form the Plaintiff's full name, current address, the last four digits of the Plaintiff's Social Security number, and date of birth; (2) the Plaintiff has dated and signed the Claim Form; and (3) the name and the last four digits of the Plaintiff's Social Security number provided by the Plaintiff on the Claim Form match Defendant's records as provided to the Claims Administrator.  The name and the last four digits of the Plaintiff's Social Security number provided by the Plaintiff will be deemed to match Defendant's records only if:  (1) both the first name and the last name and the last four digits of the Plaintiff's Social Security number provided by the Plaintiff match Defendant's records; (2) the first name and the last four digits of the Plaintiff's Social Security number provided by the Plaintiff match Defendant's records and it appears the last name has been changed as a result of a change in marital status or domestic partnership; or (3) the last four digits of the Plaintiff's Social Security number and last name matches Defendant's records and the first name provided is either a nickname or a shortened or lengthened version of the name that appears in Defendant's

records.  Although Plaintiffs who do not submit a valid and timely Claim Form shall not receive an Individual Settlement Payment, those who do not submit timely and valid requests for exclusion in accordance with section 8.4 above shall nonetheless be deemed Class Members and will be bound by all terms of this Stipulation and any Final Judgment entered in the Class Action if the Settlement is finally approved by the Court.  In the event the procedures in this Section were followed and a Class Member does not ultimately return a valid and timely Claim Form, the Class Member shall remain a Class Member and will be bound by all terms of the Settlement and any Final Judgment entered by the Court if the Settlement is approved by the Court.

If any Plaintiff files a defective Claim Form postmarked before the submission deadline, then the Claims Administrator shall send a Cure Letter to such Plaintiff advising that the claim is defective and must be cured to become valid.  The Claims Administrator must mail the Cure Letter within ten (10) business days of receiving a defective claim.  The Cure Letter shall state that the Plaintiff has ten (10) days from the date of the Cure Letter, or until the submission deadline, whichever date is later, to postmark a revised claim.  If a Plaintiff responds to a Cure Letter by filing a defective claim, then the Claims Administrator shall have no further obligation to give notice of a need to cure.  Such defective claims will be considered invalid.  If defective Claim Forms are received after the submission deadline, Plaintiffs will have no right to cure them, but will nevertheless remain Class Members.

Individual Settlement Payments shall be paid pursuant to the settlement formula set forth herein.  Defendant's and the Claims Administrator's determination of eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Stipulation, shall be conclusive, final, and binding on all Class Members including all Settlement Class Members, Named Plaintiffs, subject to review by the Court, if necessary.

Defendant will file the Claim Forms submitted by Settlement Class Members with the Court following the Settlement Hearing described in section 12.  Defendant or the Claims Administrator will redact confidential information about the Settlement Class Members from the Claim Forms prior to filing.

## 10.    COMPUTATION AND DISTRIBUTION OF PAYMENTS

### 10.1    Total Settlement Amount

The term "Total Settlement Amount" means an amount not to exceed One Million Seven Hundred Fifty Thousand Dollars and No Cents ($1,750,000.00).  Under no circumstances will Defendant be liable for an amount that exceeds the Total Settlement Amount.  Defendant will distribute amounts up to the Total Settlement Amount under the terms of this Stipulation in accordance with the provisions of section 10.3, below.

### 10.2    Payout Fund

The term "Payout Fund" means the Total Settlement Amount less Court-approved administration costs; Named Plaintiffs' and Buza Plaintiffs' incentive awards not to exceed a total of One Hundred and Fifteen Thousand Dollars ($115,000.00), to be distributed as follows:

Named Plaintiff Terri Foster – Fifteen Thousand Dollars ($15,000.00);

Named Plaintiff John Dziadyk - Fifteen Thousand Dollars ($15,000.00);

Named Plaintiff Craig Johnston - Fifteen Thousand Dollars ($15,000.00);

Named Plaintiff Donald Mikec - Fifteen Thousand Dollars ($15,000.00);

Named Plaintiff Cristie Buza - Fifteen Thousand Dollars ($15,000.00);

Jenny Key (named plaintiff in the Buza action) - Fifteen Thousand Dollars ($15,000.00);

Laura Marconi (named plaintiff in the <u>Buza</u> action) - Fifteen Thousand Dollars ($15,000.00);

Thomas Steenbergen (Opt-in to the <u>Buza</u> action) – Five Thousand Dollars ($5,000.00);

Lin Greenwald (Opt-in to the <u>Buza</u> action) – Five Thousand Dollars ($5,000.00);

attorneys' fees and costs not to exceed Five Hundred and Eighty-Three Thousand, Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($583,333.33), claims administration fees not to exceed Six Thousand Five Hundred Dollars ($6,500.00), any other costs of suit associated with documenting the settlement, securing court approval of the settlement, administering the settlement, and obtaining a final judgment dismissing the Lawsuits with prejudice; and Defendant's portion of employer payroll taxes.  This Payout Fund will represent the amount to be distributed to Settlement Class Members.

**10.3    Distribution to the Settlement Class Members**

Payout Fund will be available for distribution to the Settlement Class Members on a "claims-made" basis.

Each Settlement Class Member's payment (i.e., an Individual Settlement Payment) will be determined as follows:

The Payout Fund will be divided by the total number of weeks of employment during the class period for all Plaintiffs to arrive at a dollar value per week worked.  Each Plaintiff's provisional award will be equivalent to the number of weeks he or she held a covered position during the Class Period multiplied by the calculated amount to be paid per week worked.  A covered position is defined as a present or former employee of Kraft employed in the State of Pennsylvania as a Wall-to-Wall Sales Representative during the period from July 1,

2007, through March 31, 2012.  The number of workweeks for each Plaintiff will be determined by adding all the calendar days within the inclusive dates of employment and dividing that number by five.  Any partial workweek will be expressed as a percentage of a full workweek.

The Parties recognize that the Individual Settlement Payments to be paid to the Settlement Class Members are wages.  From each Settlement Class Member's Individual Settlement Payment, deductions will be made for state and federal taxes owed by Defendant as a result of the payment and for any applicable payroll deductions required to be made by Defendant as a result of the payment.  The resulting amount will be each Settlement Class Member's "Gross Wage Component."  From each Settlement Class Member's Gross Wage Component, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Settlement Amount."  The Net Settlement Amount that will be paid to each Settlement Class Member is the Settlement Class Member's "Settlement Award."

The Parties agree that this Settlement Award is not viewed as additional compensation for purposes of calculating a "regular rate" of pay under Pennsylvania or federal law for the period during which it is received, and no additional overtime compensation is required as a result of such payment; further, any claim to entitlement to any additional overtime compensation is expressly waived under the terms of this Stipulation.  No person or entity shall have any claim against Defendant, Defendant's Counsel, Named Plaintiffs, any Class Members, Plaintiffs' Counsel, or the Claims Administrator based upon distributions and payments made in accordance with this Stipulation.

Any checks paid to Settlement Class Members shall state that they will remain valid and negotiable for one-hundred and eighty (180) days from the date of their issuance and

may thereafter automatically be canceled if not cashed by a Settlement Class Member within that time, at which time the Settlement Class Member's claim will be deemed void and of no further force and effect. The funds for any settlement checks not cashed within 180 days of issuance will be returned to Defendant. Any Settlement Class Member's failure to negotiate and/or cash any such check will not abrogate or affect that Settlement Class Member's waivers or releases under this Stipulation. Upon completion of administration of the Settlement, the Claims Administrator shall provide written certification of such completion to the Court and counsel for all Parties. Any funds from such uncashed checks shall remain the exclusive property of Defendant.

Any portion of the Payout Fund that is not paid to a Settlement Class Member shall remain the exclusive property of Defendant.

**10.4    No Impact on Employee Benefits**

The Individual Settlement Payments paid to Named Plaintiffs and Settlement Class Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of Named Plaintiffs or Settlement Class Members. The Parties agree that any Incentive Award and Individual Settlement Payments to Named Plaintiffs and Settlement Class Members under the terms of this Stipulation do not represent any modification of Named Plaintiffs' or Settlement Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant. Further, any Incentive Awards or Individual Settlement Payments hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or

benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.

**10.5    Payment To Named Plaintiffs and Buza Plaintiffs**

Plaintiffs' Counsel will request, and Defendant will not oppose, payment of Incentive Awards from the Total Settlement Amount to Named Plaintiffs and Buza Plaintiffs, of up to One Hundred and Fifteen Thousand Dollars ($115,000.00), Named Plaintiffs' and Buza Plaintiffs' incentive awards not to exceed a total of One Hundred and Fifteen Thousand Dollars ($115,000.00), to be distributed as follows:

Named Plaintiff Terri Foster – Fifteen Thousand Dollars ($15,000.00);

Named Plaintiff John Dziadyk - Fifteen Thousand Dollars ($15,000.00);

Named Plaintiff Craig Johnston - Fifteen Thousand Dollars ($15,000.00);

Named Plaintiff Donald Mikec - Fifteen Thousand Dollars ($15,000.00);

Named Plaintiff Cristie Buza - Fifteen Thousand Dollars ($15,000.00);

Jenny Key (named plaintiff in the <u>Buza</u> action) - Fifteen Thousand Dollars ($15,000.00);

Laura Marconi (named plaintiff in the <u>Buza</u> action) - Fifteen Thousand Dollars ($15,000.00);

Thomas Steenbergen (Opt-in to the <u>Buza</u> action) – Five Thousand Dollars ($5,000.00);

Lin Greenwald (Opt-in to the <u>Buza</u> action) – Five Thousand Dollars ($5,000.00).

These Incentive Awards will be paid in addition to whatever payment Named Plaintiffs are otherwise entitled to receive as Settlement Class Members, assuming they submit valid and timely Claim Forms.  Buza Plaintiffs who are not also Plaintiffs will not receive

Individual Settlement Awards as part of the settlement of these Lawsuits, and will only receive their Incentive Awards in exchange for their releases and dismissal of the <u>Buza</u> lawsuit.   Named Plaintiffs and Buza Plaintiffs will receive IRS 1099 forms related to the Incentive Awards, and will be responsible for correctly characterizing this payment for tax purposes and for paying any taxes on the amounts received.  Named Plaintiffs and Buza Plaintiffs agree to indemnify and hold harmless Defendant for any tax liability.  If the Court awards the Incentive Awards in an amount that is less than that specified above, the un-awarded portion shall remain the exclusive property of the Defendant.

**10.6   Payment To Plaintiffs' Counsel**

Plaintiffs' Counsel will request an award of attorneys' fees and costs of up to Five Hundred and Eighty-Three Thousand, Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($583,333.33) (the "Fees Award").  Plaintiffs' Counsel must submit an IRS Form W-9 to Defendant within ten (10) days after the execution of this Agreement so that Defendant and/or the Claims Administrator can process the Fees Award.  The Fees Award covers all work performed and all fees and costs incurred to date on the Lawsuits and on the <u>Buza</u> lawsuit, and all work to be performed and all fees and costs to be incurred in connection with the approval by the Court of this Joint Stipulation and Settlement of Class Action Claims and the administration of the Settlement, and in connection with dismissal with prejudice of the <u>Buza</u> lawsuit. Plaintiffs' Counsel will be issued an IRS Form 1099 for the Fees Award.  Plaintiffs' Counsel shall not be permitted to petition the Court for, or accept, any additional payments for attorneys' fees, interest, or costs.  Defendant agrees not to oppose such an application for a Fees Award, so long as it is consistent with the provisions of this Stipulation.  If the Court awards attorneys' fees

or costs in an amount less than specified above, the un-awarded portion shall remain the exclusive property of the Defendant.

Defendant's payment of the Fees Award to the Plaintiffs' Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees or costs associated with the Lawsuits and/or the <u>Buza</u> lawsuit incurred by any attorney on behalf of Named Plaintiffs and the Plaintiffs, and shall relieve Defendant, the Claims Administrator, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees and costs to which any of them may claim to be entitled on behalf of Named Plaintiffs, Buza Plaintiffs and/or Plaintiffs in connection with the Lawsuits or the Buza lawsuit.

### 10.7   The Claims Administrator

The Claims Administrator shall calculate Individual Settlement Payments to be paid to the Settlement Class Members in accordance with the terms and provisions of this Stipulation; distribute the Notice Packet; determine eligibility for payment of Settlement Class Members; resolve any disputes regarding the calculation or application of the formula for determining the Individual Settlement Payments; keep track of those Plaintiffs requesting to be excluded from the Settlement, and provide information regarding the requests for exclusion to counsel for Defendant; mail the Individual Settlement Payment checks to Settlement Class Members; distribute attorneys' fees per paragraph 10.6; issue W-2 and 1099 forms; and perform such other tasks necessary to effectuate the terms of this Stipulation or as the Parties mutually agree or the Court orders the Parties to perform.

The Claims Administrator shall regularly report to the Parties, in written form, the substance of the work performed, the basis for any denial of a claim, and the total amount of Claims approved for payment and/or paid.

The Claims Administrator will submit to the Court in conjunction with the motion for final approval, a declaration providing, among other things, the number of Notice Packets it mailed to the class, the number re-mailed, the number of Notice Packets ultimately undeliverable, the number of opt-outs received, the number of objections received, the number of Claim Forms received, the number of defective Claim Forms received and efforts to cure made, the number of disputed claims received and how they were resolved, the total amount claimed by Settlement Class Members, the total of its charges for services rendered, and the anticipated future charges beyond the date of Final Judgment.

Any disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court.

Subject to Court approval, all amounts paid for claims administration shall be deducted from the Total Settlement Amount, provided that such amounts do not exceed Six Thousand, Five Hundred Dollars ($6,500.00).  Any amounts allocated to Claims Administration expenses but not awarded by the Court shall remain the exclusive property of Defendant.

Defendant will be solely responsible for its own legal fees, costs, and expenses incurred in these Lawsuits.  In accordance with this section, all claims administration expenses will come from the Total Settlement Amount.  The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

**10.8    Operation of the Settlement Fund**

Within twenty-five (25) days after the Effective Date, Defendant shall provide the Claims Administrator with sufficient funds to make all the payments required under this settlement. Prior thereto, Defendant shall not have any obligation to segregate the funds comprising the Total Settlement Amount from its other assets and will retain exclusive authority over, and responsibility for, those funds.  Any balance remaining in any account created by the Claims Administrator following distribution of all the payments required under this settlement shall remain the property of Defendant and shall be returned to Defendant after all payments required under this settlement have been made.

No person shall have any claim against Defendant, Defendant's Counsel, Named Plaintiffs, Plaintiffs' Counsel or the Claims Administrator based on distributions and payments made in accordance with this Stipulation.

The maximum amount Defendant can be required to pay under this Stipulation for any purpose is the Total Settlement Amount.

**10.9    Time for Distribution**

Within thirty (30) days after the Effective Date, the Claims Administrator shall make the following payments: 1) Individual Settlement Payments to Settlement Class Members; 2) the Incentive Awards to Named Plaintiffs and Buza Plaintiffs; 3) attorneys' fees and costs awarded to Plaintiffs' Counsel; and 4) payment to the Claims Administrator for claims administration.

**10.10   Retention of Unused Funds by Defendant**

Any portion of the Payout Fund not paid out as Individual Settlement Payments, Incentive Awards, Attorneys' fees and costs, and claims administration fees as discussed in this Stipulation shall remain the property of Defendant.

**10.11   Completion Of The Settlement**

Upon completion of the administration of the Settlement, Defendant shall provide written certification, under penalty of perjury, of such completion to the Court and Plaintiffs' Counsel.  Also upon completion of the administration of the Settlement, the Claims Administrator shall provide written certification, under penalty of perjury, of such completion to the Court and counsel for all Parties, as provided herein.

**10.12   Nullification Of The Settlement**

In the event: (i) the Court does not enter the Preliminary Approval Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein which becomes final as a result of the occurrence of the Effective Date; (iv) Plaintiffs' Counsel does not dismiss, with prejudice, the lawsuit entitled Buza v. Kraft Foods Group, Inc., Case No. 1:12-cv-00068, within seven (7) days of the effective date of this Settlement; or (v) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio*.  In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Claims Administrator shall be paid for by Defendant

and shall not be repaid to Defendant.  In the event any appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

11.   **TAXATION**

**11.1**   Named Plaintiffs, Buza Plaintiffs and Settlement Class Members represent and warrant that they understand that it is their sole obligation to pay appropriate federal, state, and local income taxes on any amounts they receive under this Stipulation that lawfully qualify as taxable income.

**11.2**   Neither the Parties nor their respective counsel provide or purport to provide any tax advice to the Settlement Class Members in connection with this Stipulation or otherwise. The Parties agree that they shall not rely upon any terms of this Stipulation for the purpose of determining or avoiding federal, state, or local tax obligations.

**11.3**   The Parties do not believe there are any tax return filing requirements pursuant to this Stipulation.  However, to the extent any tax returns must be filed, the Claims Administrator shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the amounts to be distributed to Named Plaintiffs, Buza Plaintiffs and Settlement Class Members.  The Parties do not believe that the operation of the Settlement Fund will generate any taxable income, as no segregated Settlement Fund will be created.

**11.4**   **CIRCULAR 230 DISCLAIMER:  EACH PARTY TO THIS STIPULATION (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS STIPULATION OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS STIPULATION, AND NO WRITTEN COMMUNICATION OR**

DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX ADVISERS FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS STIPULATION, (B) HAS NOT ENTERED INTO THIS STIPULATION BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS STIPULATION.

## 12.   COURT APPROVAL

**12.1**   This Stipulation is contingent upon the non-withdrawal of Defendant from the Stipulation and upon final approval by the Court and Final Judgment entered thereon.

**12.2**    The Parties agree to take all steps as may be reasonably necessary to secure approval of the Stipulation, to the extent not inconsistent with the terms of this Stipulation, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval, of the Stipulation in all respects.

**12.3**    On September 28, 2012, the Court will hold a hearing wherein Named Plaintiffs shall request preliminary approval of the Settlement and to request the entry of the order for certification of the Class for settlement purposes only ("Preliminary Approval Order" or "Order") (attached as Exhibit 3 hereto).  In conjunction with this hearing, Named Plaintiffs will submit this Stipulation, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.

**12.4**    Within ten (10) days of the filing of a Joint Motion for Preliminary Approval, Defendant will notify the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 as required.

**12.5**    Simultaneous with the filing of the Stipulation and solely for purposes of this Settlement, Named Plaintiffs will request the Court to enter the Preliminary Approval Order substantially in the form of Exhibit 3 hereto, preliminarily approving the proposed Settlement, certifying the Class and the Class Period for settlement purposes only and setting a date for a Settlement Hearing to determine final approval of the Settlement.  The Order shall provide for notice of the Settlement and related matters to be sent to Plaintiffs as specified in section 8.

**12.6**    Upon expiration of the thirty-day claim, opt-out, and objection period, with the Court's permission, a Settlement Hearing shall be conducted to determine final approval of the Settlement along with the amount properly payable for (i) attorneys' fees and costs, (ii) Named

Plaintiffs' and Buza Plaintiffs' Incentive Awards, and (iii) costs of administration.  Upon final

approval of the Settlement by the Court at or after the Settlement Hearing, the Parties shall

present a Final Judgment (attached as Exhibit 4 hereto) to the Court for its approval.  After entry

of the Final Judgment dismissing the Lawsuits with prejudice, the Court shall have continuing

jurisdiction for purposes of addressing: (i) settlement administration matters and (ii) such post-

settlement matters as may be appropriate under court rules or as set forth in this Stipulation,

including any actions to enforce or interpret this Stipulation.

     **12.7**    Within seven (7) days of the effective date of this Settlement, Plaintiffs' Counsel

shall request dismissal with prejudice of the case Buza v. Kraft Foods Group, Inc., Case No.

1:12-cv-00068, pending in the Western District of Pennsylvania before the Honorable Sean

McLaughlin.  As part of this request for dismissal, Plaintiffs' Counsel shall submit a declaration

indicating their belief that the claims presented in that lawsuit lack sufficient merit to proceed on

a collective action basis, and that the case should not be pursued further.  Failure to obtain

dismissal with prejudice of the Buza lawsuit shall be independent grounds for nullification of this

Stipulation.

### 13.    MISCELLANEOUS PROVISIONS

#### 13.1    Headings

    The descriptive headings of any paragraphs or sections of this Stipulation are

inserted for convenience of reference only and do not constitute a part of this Stipulation.

#### 13.2    Stay of Litigation

    All proceedings in these Lawsuits affecting or relating to the Lawsuits shall be

stayed except for those proceedings necessary to complete and implement this Stipulation.

**13.3    Confidentiality Prior to Preliminary Approval**

The undersigned agree that prior to the date of Preliminary Approval, they will keep confidential the terms of this Settlement.  Named Plaintiffs and Buza Plaintiffs shall be informed that the Settlement is confidential up until Preliminary Approval, and shall be advised to keep this Settlement confidential.  Notwithstanding the foregoing, Named Plaintiffs, Buza Plaintiffs and Plaintiffs' Counsel may inform their immediate family and legal, tax, and financial advisors of this Settlement.  However, before disclosing any such information to any such person, Named Plaintiffs, Buza Plaintiffs or Plaintiffs' Counsel (as the case may be) shall advise such person(s) that the information is confidential.  The disclosure of this information to any other person shall constitute a breach of this Agreement.  Prior to Preliminary Approval, Plaintiffs' Counsel and Counsel for Kraft may not communicate the terms of this Settlement to Plaintiffs, other than Named Plaintiffs and Buza Plaintiffs, including on websites. Notwithstanding the foregoing, the Parties may discuss the terms of the Settlement in any papers filed with the court relating to preliminary approval of the Settlement.  Kraft may reference this Settlement prior to Preliminary Approval, in its financial disclosures.

**13.4    Limited Publicity Following Final Approval**

From and after Preliminary Approval, Plaintiffs, Named Plaintiffs, Buza Plaintiffs and Plaintiffs' Counsel may: (1) as required by law; or (2) as required under the terms of this Agreement, comment regarding the specific terms of this Agreement.  In all other cases, Plaintiffs, Named Plaintiffs, Buza Plaintiffs and Plaintiffs' Counsel agree to limit their statements regarding the terms of this Agreement, whether oral, written or electronic (including the world wide web), to say the Lawsuits have been resolved and that Named Plaintiffs and Plaintiffs' Counsel are satisfied with the settlement terms.  Neither Named Plaintiffs, Buza

Plaintiffs, Plaintiffs nor Plaintiffs' Counsel shall hold any press conference or make any press release related in any way to the Settlement. Nothing in this Paragraph is intended to interfere with Plaintiffs' Counsel answering questions from Class Members or the posting of court documents on Plaintiffs' Counsels' website(s).

**13.5    No Retaliation**

Defendant will not take any retaliatory action against any Class Member who participates in the Settlement, nor against Named Plaintiffs or Buza Plaintiffs.

**13.6    Interpretation of the Stipulation**

The Stipulation will be interpreted and enforced under the laws of the State of Pennsylvania without regard to its conflict of laws provisions. Any dispute arising out of or relating to the Stipulation, or the subject matter hereof, will be resolved solely and exclusively by The Honorable Cathy Bissoon of the United States District Court for the Western District of Pennsylvania, and the Parties hereby consent to the jurisdiction of the Court over them solely in connection therewith.

**13.7    Final Agreement**

This Stipulation constitutes the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of Claims of these Lawsuits, and supersedes all prior agreements and understandings between the Parties relating to the subject matter hereof. Named Plaintiffs, on their own behalf and on behalf of the Plaintiffs, and Defendant, enters into this Stipulation based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Stipulation.

**13.8    Amendment or Modification**

This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest, and approved by the Court.

**13.9    Counterparts**

The Stipulation may be executed in one or more actual or telecopied counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

**13.10   Authority**

Counsel for all Parties represent and warrant they are expressly authorized by the Parties whom they represent to negotiate this Stipulation and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Stipulation to effectuate its terms, and to execute any other documents required to effectuate the terms of this Stipulation. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties shall seek the assistance of the Court to resolve such disagreement.

**13.11   No Injunctive Relief**

Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive relief, or to modify or eliminate any of its personnel, compensation, or payroll practices, or adopt any new personnel, compensation, or payroll practices.

**13.12   Binding on Successors and Assigns**

This Stipulation shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

**13.13   Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Stipulation.  Hence, in any construction made to this Stipulation, the same shall not be construed against any of the Parties.

**13.14   Invalidity of Any Provision**

Before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Stipulation valid and enforceable.

**13.15   Named Plaintiffs' and Buza Plaintiffs' Waiver of Right to Be Excluded and Object**

By signing this Stipulation, Named Plaintiffs and Buza Plaintiffs are bound by the terms herein stated and further agree not to request to be excluded from the Settlement and agree not to object to any of the terms of this Stipulation.  Any such request for exclusion or objection shall therefore be void and of no force or effect.  Named Plaintiffs and Buza Plaintiffs also agree not to disparage the Settlement to Plaintiffs or encourage, in any way, Plaintiffs not to submit a Claim Form or to submit a request to be excluded from the Settlement.

**13.16   Defense**

To the extent permitted by law, this Settlement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or

other proceedings that may be instituted, prosecuted, or attempted with respect to the Released Claims in breach of or contrary to this Settlement.

**13.17   Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

WHEREFORE, Named Plaintiffs and Buza Plaintiffs, on behalf of themselves and the Plaintiffs, and Defendant have executed this Stipulation as of the dates set forth below.

Dated: _____, 2012          By:   _____
                                                            Plaintiff
                                                    TERRI FOSTER

Dated: _____, 2012          By:   _____
                                                            Plaintiff
                                                    JOHN DZIADYK

Dated: _____, 2012          By:   _____
                                                            Plaintiff
                                                    CRISTIE BUZA

Dated: _____, 2012          By:   _____
                                                            Plaintiff
                                                    CRAIG JOHNSTON

Dated: _____, 2012          By:   _____
                                                            Plaintiff
                                                    DONALD MIKEC

Dated: _____, 2012          By:   _____
                                                            Plaintiff

JENNY KEY

Dated: _____, 2012          By: _____
                                          Plaintiff
                                          LAURA MARCONI

Dated: _____, 2012          By: _____
                                          Plaintiff
                                          THOMAS STEENBERGEN

Dated: _____, 2012          By: _____
                                          Plaintiff
                                          LIN GREENWALD

Dated: _____, 2012          By: _____
                                          Defendant
                                          KRAFT FOODS GROUP, INC.
                                     Its: _____

Dated: _9/28_____, 2012

                                     THE EMPLOYMENT RIGHTS GROUP

                                     By  _____
                                              JOSEPH H. CHIVERS, ESQ.

                                          Attorneys for Plaintiffs

Dated: _9/28_____, 2012

                                     JOHN LINKOSKY AND ASSOCIATES

                                     By  _____
                                              JOHN R. LINKOSKY, ESQ.

                                          Attorneys for Plaintiffs

SMRH:406807208.2                     -38-

Dated: _Sept. 28_, 2012

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     _____

             SAMANTHA D. HARDY, ESQ.
             ASHLEY T. HIRANO, ESQ.

             (*All attorneys admitted pro hac vice*
             Attorneys for Defendant
             KRAFT FOODS GROUP, INC.

# EXHIBIT A-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRI L. FOSTER<br>    on behalf of herself<br>    and others similarly situated | ) )<br>)<br>) | CIVIL Action Nos. 2:09-cv-00453 and<br>2:12-cv-00205 |
| Plaintiff, | ) | |
| v. | ) )<br>) | |
| KRAFT FOODS GROUP, INC., | ) )<br>) | |
| Defendant. | ) )<br>) | |
| ----------------------------------------------------------- | ) ) | |
| JOHN DZIADYK, CRISTIE BUZA, CRAIG<br>JOHNSTON, and DONALD MIKEC,<br>    on behalf of themselves<br>    and all others similarly situated | ) )<br>)<br>) | |
| Plaintiffs, | ) )<br>) | |
| v. | ) )<br>) | |
| KRAFT FOODS GROUP, INC., | ) )<br>) | |
| Defendant. | ) | |

**NOTICE OF SETTLEMENT OF CLASS ACTION; SETTLEMENT HEARING; AND**
**EXCLUSION AND OBJECTION PROCEDURES**

SMRH:406728462.4

EXHIBIT "1"

NOTICE OF SETTLEMENT OF CLASS ACTION;
SETTLEMENT HEARING; AND CLAIMS, EXCLUSION AND OBJECTION PROCEDURES

<u>THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA</u>

**The Court has given preliminary approval to a Settlement of two lawsuits. If you were employed by Kraft Foods Group, Inc. ("Kraft") in Pennsylvania at any time from July 1, 2007, and March 31, 2012, as a Wall-to-Wall Sales Representative ("W2W SR"), you should read this Notice carefully because it will affect your rights.**

*The United States District Court for the Western District of Pennsylvania authorized this Notice. This is not a solicitation from a lawyer.*

- To qualify as a Settlement Class Member and receive a share of the Settlement described in this Notice, you must complete and mail the enclosed Claim Form by DATE.

- Your legal rights are affected by how you act in response to this notice. Please read this Notice carefully.

**BASIC INFORMATION**

| 1. | What is this lawsuit about? |
| --- | --- |

There are two lawsuits being settled. The first lawsuit was filed by Terri Foster ("Foster") on behalf of herself and on behalf of all present and former employees of Kraft employed in the State of Pennsylvania as W2W SRs, during the period from July 1, 2007, through March 31, 2012 (defined as "Plaintiffs"). The lawsuit alleges in part that Kraft failed to properly calculate and pay overtime in accordance with the Pennsylvania Minimum Wage Act. The lawsuit seeks wages, interest, attorneys' fees, and other damages. The second lawsuit was filed by John Dziadyk, Cristie Buza, Craig Johnston and Donald Mikec (the "Dziadyk Plaintiffs"). The second lawsuit alleges the same claims as the first lawsuit. Both of these lawsuits will be referred to together as "the Lawsuits." Kraft denies Foster's and the Dziadyk Plaintiffs' (together, "the Named Plaintiffs") claims, and maintains that it properly paid all employees any overtime and minimum wages to which they were entitled pursuant to Pennsylvania law. However, in order to avoid the time and expense of continued litigation, Named Plaintiffs and Kraft agreed to enter into a settlement of these two Lawsuits ("Settlement").

| 2. | Why did I receive this notice? |
| --- | --- |

You received this Notice because Kraft's records show that you were employed as a W2W SR at some point from July 1, 2007, through March 31, 2012.

All Plaintiffs are receiving this Notice. All Plaintiffs who do not timely request to be excluded from the Settlement as set forth below will be "Class Members." All Class Members who submit valid and timely Claim Forms/FLSA Consent Forms will become "Settlement Class Members."

This Notice explains that the Court has granted preliminary approval of a proposed Settlement of two class action lawsuits that may affect you. You have legal rights and options that you may exercise before the Court decides whether to grant final approval of the proposed Settlement.

### 3.  What is a class action, who is involved, and how does it work?

In a class action, one or more people, in this case Terri Foster, John Dziadyk, Cristie Buza, Craig Johnston and Donald Mikec (the "Named Plaintiffs"), file a lawsuit on behalf of people who they believe have similar claims.  The people together are called "Plaintiffs."  The company they sued (in this case Kraft) is called the Defendant.  In this instance, the Named Plaintiffs and the Defendant have decided to settle these two cases.  However, their proposed Settlement must be approved by the Court.  This happens in two stages.  First, if the Court is satisfied that the proposed Settlement appears fair, adequate and reasonable, it grants preliminary approval and orders that a Notice like this is sent to the Plaintiffs.  Plaintiffs can then request exclusion, submit a claim, or object to the proposed settlement.  Once Plaintiffs have had had an opportunity to make this decision, the Court reviews this information -- and submissions by all interested persons -- and decides whether to grant final approval of the Settlement.  If the Court grants final approval, the Plaintiffs who filed proper and timely claim forms and did not ask to be excluded will become Settlement Class Members and will be paid out of the Settlement monies.

The Honorable Cathy Bissoon of the United States District Court for the Western District of Pennsylvania (the "Court"), is overseeing this class action.  You can see more information about Judge Bissoon and the Western District of Pennsylvania at the Court's website at: http://www.pawd.uscourts.gov/.

### 4.  Why is this a class action?

Named Plaintiffs filed these cases on behalf of themselves and on behalf of all other Plaintiffs.  The Court made a preliminary determination that the proposed Settlement appears fair, adequate, and reasonable.  In making this determination, the Court looked at things like the amounts of money that Kraft would have had to pay the Plaintiffs if the Plaintiffs had won the Lawsuits, and the chances that Kraft would have won these cases.  The Court also considered the costs that both Plaintiffs and Kraft would have to pay in attorneys' fees and other expenses if they did not settle the cases, and the amount of time and resources it would take to proceed with these cases through any trial and appeal.  The Court also considered that the Settlement was reached after extensive litigation, and serious, arms-length negotiations.

### 5.  Is there any money available now?

No money or benefits are available right now because the Court has not yet decided whether to give final approval to the Settlement.  If the Court gives final approval to the Settlement, and you have properly filled out your Claim Form and mailed it in on time, then you will be sent your portion of the Settlement once the Court's judgment becomes final.

### 6.  Do I have a lawyer in these cases?

The Court approved designation of Joseph H. Chivers, Esquire, dba The Employment Rights Group, located at First & Market Building, 100 First Avenue, Suite 1010, Pittsburgh, PA 15222-1514 and John Linkosky and Associates, located at 715 Washington Avenue, Carnegie, PA 15106, as Plaintiffs' Counsel to represent you and all Class Members.  Joseph H. Chivers, Esquire, dba The Employment Rights Group

and John Linkosky and Associates and are the legal counsel representing the Plaintiffs ("Plaintiffs' Counsel").

You do not need to hire your own lawyer because Joseph H. Chivers, Esquire, dba The Employment Rights Group and John Linkosky Associates are working on your behalf. But, if you want to hire your own lawyer, you may do so at your own expense.

## THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE

### 7. What does the Settlement provide?

The proposed Settlement requires Kraft to pay a Settlement amount not to exceed One Million, Seven Hundred and Fifty Thousand Dollars ($1,750,000.00). This is called the "Total Settlement Amount." The Total Settlement Amount includes all alleged unpaid wages, Incentive Awards for the Named Plaintiffs, attorneys' fees and costs for Plaintiffs' Counsel, and Claims Administration costs. Settlement proceeds will be paid to Settlement Class Members who properly file Claim Forms in the manner described in Paragraph 10 below. The amount remaining from the Total Settlement Amount after payment of Incentive Awards, attorneys' fees, litigation costs and claims administration costs will go to pay claims of those who qualify to receive payment.

According to Pennsylvania law, the Court may award attorneys' fees to Plaintiffs' Counsel as well as reimbursement for costs they have expended in their work. Plaintiffs' Counsel plans to request that the Court authorize payment to them of attorneys' fees, costs, and other expenses in an amount not to exceed Five Hundred and Eighty-Three Thousand, Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($583,333.33), which, if approved, will come from the Total Settlement Amount.

Named Plaintiffs will ask the Court to approve monetary payments as compensation for the work they have done in bringing and prosecuting the Lawsuits on behalf of the Plaintiffs, in an amount not to exceed Fifteen Thousand Dollars ($15,000.00) each ("Incentive Awards"). If approved by the Court, the payment will be made from the Total Settlement Amount and will be in addition to any other amounts paid to Named Plaintiffs under the terms of the Settlement.

Finally, Named Plaintiffs will ask the Court to approve a payment of Six Thousand Five Hundred Dollars ($6,500.00) to the Claims Administrator who is handling the processing of this notice and the accompanying Claim Form.

### 8. What can I get from the Settlement?

Your share of the Settlement will depend on how many weeks you worked for Kraft as a W2W SR in Pennsylvania from July 1, 2007, through March 31, 2012. The monies made available to Plaintiffs (the "Payout Fund") will be One Million, Forty-Five Thousand, One Hundred and Sixty-Six Dollars and Sixty-Seven CEnts ($1,045,166.67). This amount will be divided by the total weeks in a W2W SR position by all Plaintiffs during the period July 1, 2007, to March 31, 2012, to arrive at a dollar value per week worked. Each Plaintiff's provisional award will be equivalent to the number of weeks he or she was a W2W SR in the State of Pennsylvania during the Class Period multiplied by the calculated amount to be paid per week worked. The number of workweeks for each Plaintiff will be determined by adding all the calendar days within the inclusive dates of employment and dividing that number by five. Any partial workweek will be expressed as a percentage of a full workweek.

**9.** **If the Settlement is approved, when will I receive my share of the Payout Fund?**

The Court has scheduled a Final Approval Hearing on DATE, at TIME. at the United States District Court for the Western District of Pennsylvania, Courtroom 9A, 700 Grant Street, Pittsburgh, PA 15219, at which time the Court will determine: (1) whether the proposed Settlement should be approved as fair, reasonable and adequate to Class Members; and (2) whether the applications for Named Plaintiffs' Incentive Awards, attorneys' fees and costs, and claims administration expenses should be approved. If the Court approves the Settlement, a Final Judgment and Order Dismissing the Lawsuits with Prejudice will be entered.  It is neither required nor necessary that you attend the Final Approval Hearing.

Once the Final Judgment is entered by the Court, and if there is no appeal of the Court's Judgment within the 30-day appeal period, then checks will be mailed out to the Settlement Class Members within approximately 30 days after the appeal period has run ("Effective Date"), or on approximately DATE.  If an appeal is filed, then distributions will be delayed until after final resolution of any appeals.  Please be patient.

## OPTIONS UNDER THE SETTLEMENT

| Summary of Your Legal Rights and Options in this Settlement | |
|---|---|
| SUBMIT A CLAIM FORM | Submit a Claim Form.  Release certain claims under state and federal law. <br><br> If you submit a timely and valid Claim Form (enclosed), you will be entitled to participate in the Settlement. |
| EXCLUDE YOURSELF | Submit an Exclusion request, receive no money and retain your rights. <br><br> If you submit a timely and valid Exclusion request then you will receive no payment and you will retain your right to pursue both state and federal claims against Kraft in a separate action/proceeding. |
| OBJECT | Submit a written objection to the Court. <br><br> If you disagree with the proposed Settlement, you may submit an objection.  If the Court agrees with your objection, the parties can choose whether to withdraw the Settlement or change its terms.  If the Court rejects your objection, you will be entitled to participate in the Settlement only if you have also submitted a timely and valid Claim Form.  You will release certain claims under state law, and will also release certain claims under federal law if you submitted a Claim Form. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement.  In order to speak at the hearing, however, you also need to timely submit a written objection. |
| DO NOTHING | Receive no payment.  Release certain claims under state, but not federal, law. |

## HOW YOU RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | How can I receive my portion of the Settlement? |
| --- | --- |

To qualify for a payment from the Settlement, you must complete the Claim Form enclosed with this Notice, sign it under penalty of perjury, and return it to Boston Financial Data Services, Inc. ("Claims Administrator"), at P.O. Box 9164, Canton, MA 02021-9164, via first class U.S. mail or equivalent, postage paid, postmarked no later than DATE. If you do not send it in on time, then your claim will be denied.

If this Notice was sent to you at your current address, you do not need to do anything further to receive any further notices concerning these cases. If this Notice was forwarded by the postal service, or if it was otherwise sent to you at an address that is not current, or if you have changed your address, then you should immediately send a letter to the Claims Administrator stating your name and past and current addresses.

The Claims Administrator's address is:

**Kraft Claims Administrator**
**c/o Boston Financial Data Services, Inc.**
**P.O. Box 9164**
**Canton, MA 02021-9164**
**1-888-904-7584**

If you lose, misplace or need another Claim Form, you should contact the Claims Administrator immediately for a replacement. If there is any dispute regarding whether a Claim Form was timely mailed, the Claims Administrator will make a decision, which will be final and not subject to any appeal. It is advised that you maintain a photocopy of your fully completed Claim Form and the original record showing proof of timely mailing.

| 11. | What am I giving up to get a payment or stay in the class? |
| --- | --- |

Unless you exclude yourself, you will remain part of the Class for state law claims, and that means you cannot sue, continue to sue, or be part of any other lawsuits against Kraft about the state law issues in these cases, and you will be bound by any orders entered by the Court about state law claims. Specifically, you will not be allowed to sue Kraft for:

> *any and all applicable Pennsylvania wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or other relief under Pennsylvania law, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages, (b) any and all claims for the failure to pay earned wages of any kind, (c) any other wage and hour violations ("Released Claims").*

If you decide to complete a Claim Form and receive money from the Settlement, you will also give up these same claims against Kraft under *federal* law and will be bound by any orders entered by the Court about federal law claims. You will be unable to sue Kraft for:

> *any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action contingent or accrued, arising under federal law, brought under the federal Fair Labor Standards Act ("FLSA"), specifically including, but not limited to, claims for liquidated damages, provided that such claims are related in any way to claims Defendant failed to provide wages of any kind to which Settlement Class Members were entitled to under the FLSA ("Released Federal Claims").*

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue on your own about legal issues alleged in these cases under state law, and/or you don't want a payment from this Settlement, then you must take certain steps. This is called excluding yourself — or is sometimes referred to as "opting out" of the Settlement Class.

| 12. | How do I request to be excluded from the Settlement? |
|---|---|

To exclude yourself from the Settlement, or "opt out," you must submit a written statement requesting exclusion from the Class postmarked on or before DATE. Your written request for exclusion must contain your name, address, telephone number and last four digits of your Social Security Number, and the location and years of your employment with Kraft. You must return your request to Boston Financial Data Services, Inc. at P.O. Box 9164, Canton, MA 02021-9164, postmarked no later than DATE.

| 13. | If I don't exclude myself, can I sue Kraft for the same thing later? |
|---|---|

If you do not submit a valid and/or timely request for exclusion postmarked by DATE, you will be bound by all terms of the Settlement and any Final Judgment entered in the Class Action, if the Settlement is approved by the Court. You will not be able to sue Kraft for these claims later. If you have a pending lawsuit, speak to your lawyer in that case immediately.

| 14. | If I exclude myself, can I get money from this Settlement? |
|---|---|

No. If you exclude yourself, do not send in a Claim Form to ask to be included in the Settlement. The request for exclusion will override the Claim Form and you will not receive payment under the Settlement.

## OBJECTING TO THE SETTLEMENT

| 15. | Why would I ask to object? |
|---|---|

If you think that the proposed Settlement is unfair, inadequate or unreasonable, you can object to the proposed Settlement and you can also submit a Claim Form.  If you object and do not also timely submit a valid Claim Form, and if the Court approves the proposed Settlement, then you will not receive a share of the Settlement money, and you will be bound by the terms of the Release set forth in the first part of Paragraph 11.

## 16.     How do I ask the Court to object?

If you want to object to the Settlement; any part of the Settlement; the amount of attorneys' fees, costs and expenses claimed by Plaintiffs' Counsel; or the Incentive Awards for Named Plaintiffs, you must send the Court a notice of intention to appear, along with any papers for the Court to consider, and you must mail or personally deliver copies of those papers to the attorneys listed below postmarked no later than DATE.

All objections should be filed with the Court at: The United States District Court for the Western District of Pennsylvania, Courtroom 9A, 700 Grant Street, Pittsburgh, PA 15219.

Copies of all documents filed with the Court must be sent to the following:  (1) Joseph H. Chivers, Esquire, dba The Employment Rights Group, First & Market Building, 100 First Avenue, Suite 1010, Pittsburgh, PA 15222-1514, Attn: Joseph Chivers; (2) John Linkosky and Associates, 715 Washington Avenue, Carnegie, PA 15106, Attn: John Linkosky; and (3) Sheppard, Mullin, Richter & Hampton LLP, 501 West Broadway, 19th Floor, San Diego, CA 92101, Attn: Samantha Hardy.

If you object in the manner provided above, then you or your attorney may appear at the Final Approval Hearing, currently set for DATE, at TIME at the address listed above for the Court, to present any arguments concerning the fairness, reasonableness and adequacy of the Settlement, or concerning Named Plaintiffs' application for the Incentive Awards; the award of attorneys' fees and costs; or the amount awarded for Claims Administration expenses.  However, if you do not object in the manner provided above, your objection may be considered waived and you will not be able to make any other or later objection to the fairness, reasonableness or adequacy of the proposed Settlement, or to any award of attorneys' fees and costs, or to Named Plaintiffs' Incentive Awards, or the amount of Claims Administration expenses awarded by the Court.

## 17.     What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the cases no longer affect you.

## 18.     What happens if I do nothing at all?

By doing nothing, you will lose any right you have to receive money under the Settlement.  You will also lose your right to object.  In addition, you will be deemed to have waived any right you might have had to sue Kraft as part of any lawsuit.  You will also be legally bound by all of the orders and judgments the Court makes with regard to the state law claims in these Lawsuits.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing in front of the Honorable Cathy Bissoon on DATE, at TIME at the United States District Court for the Western District of Pennsylvania, Courtroom 9A, 700 Grant Street, Pittsburgh, PA 15219, to determine whether the proposed Settlement of the Lawsuits is fair, adequate, reasonable and should be approved by the Court; and whether judgment should be entered in these Lawsuits dismissing the Lawsuits with prejudice. At the hearing, Plaintiffs' Counsel will speak on your behalf and answer any questions Judge Bissoon might have.

**19.    May I attend the hearing and speak?**

Anyone may attend this hearing. If you are a Class Member and wish to speak, you must file and serve an objection as described above before you can speak at the hearing.

### GETTING MORE INFORMATION

**20.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. For a more detailed statement of the matters involved in the Lawsuits and the proposed Settlement, you may refer to the pleadings, the Joint Stipulation and Settlement of Class Action Claims, and other papers filed in the Lawsuits, which may be inspected at the Office of the Clerk of the Court, during regular business hours of each Court day. The Court's address is: The United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219

**21.    How do I get more information?**

All questions regarding this Notice and/or the Settlement should be directed to your Plaintiffs' Counsel at (1) Joseph H. Chivers, Esquire, dba The Employment Rights Group, First & Market Building, 100 First Avenue, Suite 1010, Pittsburgh, PA 15222-1514, 1-412-227-0763, http://www.employmentrightsgroup.com; or (2) John Linkosky and Associates, 715 Washington Avenue, Carnegie, PA 15106, 1-412-278-1280.

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, KRAFT, OR KRAFT'S ATTORNEYS WITH INQUIRIES.

Dated: _____, 2012            _____
                                        BY ORDER OF THE COURT
                                        HON. CATHY BISSOON
                                        THE UNITED STATES DISTRICT COURT
                                        FOR THE WESTERN DISTRICT OF
                                        PENNSYLVANIA

# EXHIBIT A-2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRI L. FOSTER<br>    on behalf of herself<br>    and others similarly situated<br><br>       Plaintiff,<br><br>       v.<br><br>KRAFT FOODS GROUP, INC.,<br><br>              Defendant.<br>-------------------------------------------------------<br>JOHN DZIADYK, CRISTIE BUZA, CRAIG<br>JOHNSTON, and DONALD MIKEC,<br>    on behalf of themselves<br>    and all others similarly situated<br><br>       Plaintiffs,<br><br>       v.<br><br>KRAFT FOODS GROUP, INC.,<br><br>              Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL Action Nos. 2:09-cv-00453<br>and 2:12-cv-00205 |

**CLAIM FORM**

Exhibit "2"

## Foster v. Kraft Foods Group, Inc. / Dziadyk v. Kraft Foods Group, Inc.

United States District Court for the Western District of Pennsylvania
Civil Action Nos. 2:09-cv-00453 and 2:12-cv-00205

### CLAIM FORM/FLSA CONSENT FORM
### COMPLETE FOR MONETARY RECOVERY

**Please Type or Print**

Name (First, Middle, Last):_____

Street Address:_____

City, State, Zip Code:_____

Former Names (if any): _____

____ ____ ____ ____
Last Four Digits of Social Security Number

Kraft Foods Group, Inc. ("Kraft") Employee # (if known)

(_____) _____ (Work)
Area Code Telephone Number

(_____) _____ (Home)
Area Code Telephone Number

### YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS FORM TO SHARE IN THE MONETARY RECOVERY AND ALSO TO CONSENT TO JOIN THE FLSA PORTION OF THIS ACTION.

### INSTRUCTIONS

1.  Please complete, sign and mail this form to share in the recovery and also to consent to join the FLSA portion of this action.
2.  If you move, please send us your new address.
3.  Please do not send any supporting documentation at this time.  If such documentation is deemed necessary, a separate request will be sent to you directly.  If you submit a claim, your identity will not be disclosed to your direct supervisor at Kraft.
4.  If found eligible, you should not expect to receive any payment until approximately DATE.

YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2012, ADDRESSED AS FOLLOWS IN ORDER TO RECEIVE A MONETARY RECOVERY AND ALSO TO CONSENT TO JOIN THE FLSA PORTION OF THIS ACTION.

> **Kraft Claims Administrator**
> **c/o Boston Financial Data Services, Inc.**
> **P.O. Box 9164**
> **Canton, MA 02021-9164**

List location(s) and dates of your employment at Kraft in chronological order as best you can.  (Errors in locations, dates or order of your employment will not affect your eligibility to participate in the settlement or your consent to join the FLSA portion of this action.  This information will aid the Administrator in verifying your records).

Location #1 _____        Dates _____

Location #2 _____        Dates _____

Location #3 _____        Dates _____

I have reviewed the Class Notice and this form and I hereby apply for a monetary recovery in accordance with the terms of the Class Notice, and also consent to join in the FLSA portion of this action and have Named Plaintiffs and their counsel represent me in this action pursuant to 29 U.S.C. § 216(b).

X_____        _____
  (sign your name here)                                   Date

SMRH:406728456.4

# EXHIBIT A-3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERRI L. FOSTER<br>    on behalf of herself<br>    and others similarly situated<br><br>       Plaintiff,<br><br>       v.<br><br>KRAFT FOODS GROUP, INC.,<br><br>               Defendant.<br>-------------------------------------------------<br>JOHN DZIADYK, CRISTIE BUZA, CRAIG<br>JOHNSTON, and DONALD MIKEC,<br>    on behalf of themselves<br>    and all others similarly situated<br><br>       Plaintiffs,<br><br>       v.<br><br>KRAFT FOODS GROUP, INC.,<br><br>               Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL Action Nos. 2:09-cv-00453 and<br>2:12-cv-00205 |

**PRELIMINARY APPROVAL ORDER**

SMRH:406731015.3

Exhibit "3"

WHEREAS, these two actions (*Foster v. Kraft Foods Group, Inc.*, Case No. 2:09-cv-00453 and *Dziadyk v. Kraft Foods Group, Inc.*, Case No. 2:12-cv-00205) are pending before this Court as class actions (the "Actions"); and

WHEREAS, Plaintiffs' Counsel have applied to this Court for an order preliminarily approving the settlement of these Actions in accordance with a Joint Stipulation and Settlement of Class Action Claims (the "Stipulation" or "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of a final judgment thereon upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     This Order incorporates by reference the definitions in the Stipulation, and all terms defined therein shall have the same meaning in this Order as set forth in the Stipulation.

2.     The Court hereby conditionally certifies the Class for settlement purposes only.  Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether of a class should be certified in a non-settlement context.

3.     Named Plaintiffs Terri Foster, John Dziadyk, Cristie Buza, Craig Johnston and Donald Mikec ("Named Plaintiffs") are hereby appointed and designated, for all purposes, as the representatives of the Class, and the following attorneys are hereby appointed and designated as counsel for Named Plaintiffs and the Class ("Plaintiffs' Counsel"):

| Joseph H. Chivers<br>The Employment Rights Group<br>First & Market Building<br>100 First Avenue, Suite 1010<br>Pittsburgh, PA 15222-1514<br>(412) 227-0763<br>jchivers@employmentrightsgroup.com | John Linkosky<br>John Linkosky and Associates<br>715 Washington Avenue,<br>Carnegie, PA 15106<br>(412) 278-1280<br>linklaw@comcast.net |
| --- | --- |

Plaintiffs' Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Plaintiffs' Counsel.

4.      The Court hereby approves the definition and disposition of the Settlement Fund and related matters provided for in the Stipulation.

5.      The Court hereby preliminarily approves the Stipulation and the settlement contained therein, including the Fees Award of up to $583,333.33, Incentive Awards to each of the Named Plaintiffs and the Buza Plaintiffs as follows:

- Terri Foster (Named Plaintiff): $15,000.00

- John Dziadyk (Named Plaintiff): $15,000.00

- Craig Johnston (Named Plaintiff): $15,000.00

- Donald Mikec (Named Plaintiff): $15,000.00

- Cristie Buza (Named Plaintiff): $15,000.00

- Jenny Key (Buza named plaintiff): $15,000.00

- Laura Marconi (Buza named plaintiff): $15,000.00

- Thomas Steenbergen (Buza opt-in): $5,000.00

- Lin Greenwald (Buza opt-in):  $5,000.00;

and claims administration expenses of up to $6,500.00.  The Court finds on a preliminary basis that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.  The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Class of that monetary recovery.  It appears to the Court on a preliminary basis that the settlement amount is fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues.  It further appears that extensive and costly investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions.  It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Actions.  It further appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations.

6.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, at _____ _.m. at the United States District Court for the Western District of Pennsylvania,  Courtroom 9A, 700 Grant Street, Pittsburgh, PA 15219, to determine all necessary matters concerning the Settlement, including:  whether the proposed settlement of the Actions on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether a Final Judgment, as provided in the Stipulation, should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to finally approve Plaintiffs' Counsels' Fees Award, Named Plaintiffs' Incentive Awards, and the claims administration expenses.

7.     The Court hereby approves, as to form and content, the Notice and Claim Form annexed as Exhibits 1 and 2 to the Stipulation.  The Court finds that the distribution of the Notice and Claim Form substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8.     The Court hereby appoints Boston Financial Data Services, Inc. as Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to Plaintiffs the Notice and Claim Form by first class mail within forty-five (45) days after the entry of this Preliminary Order (the "Notice Date") using the procedures set forth in the Stipulation.  Plaintiffs who wish to participate in the settlement provided for by the Stipulation and become Settlement Class Members must complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, postage paid, within thirty (30) days of the Notice Date.

9.     Any Plaintiff may choose to opt out of and be excluded from the Class as provided in the Notice by following the instructions for requesting exclusion from the Class that are set forth in the Notice.  All requests for exclusion must be submitted as provided in the Notice.  Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  Any written request to opt out must be signed by each such person opting out.  Plaintiffs who have not requested exclusion shall be bound by all determinations of the Court, the Stipulation and Final Judgment.

10.     Any Class Member may appear at the Settlement Hearing and may object or express his or her views regarding the Settlement, and may present evidence

and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice. However, no Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before 30 days after the Notice Date, that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Class upon: (1) Joseph H. Chivers, Esquire, The Employment Rights Group, First & Market Building, 100 First Avenue, Suite 1010, Pittsburgh, PA 15222, Attn: Joseph Chivers, (2) John Linkosky and Associates, 715 Washington Avenue, Carnegie, PA 15106, Attn: John Linkosky, and (3) Sheppard, Mullin, Richter & Hampton LLP, 501 West Broadway, 19th Floor, San Diego, CA 92101, Attn: Samantha Hardy, and filed the objections, papers and briefs with the Clerk of this Court. In order to be valid, the papers must be filed with the Clerk of this Court and received by all of the above counsel on or before 30 days after the Notice Date. Any Class Member who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement.

11.     Pursuant to the terms of the Stipulation, all approved claims administration expenses shall be paid from the Settlement Fund.

12.     Pursuant to the terms of the Stipulation, any approved Fees Award shall be paid to Plaintiffs' Counsel. Upon payment to Plaintiffs' Counsel, Kraft, the Released Parties, Kraft's Counsel, and the Claims Administrator shall have no further liability or responsibility to Plaintiffs' Counsel, or any vendors or third parties employed by Plaintiffs or Plaintiffs' Counsel, for attorneys' fees, expenses and/or costs incurred by the Plaintiffs' Counsel on behalf of Named Plaintiffs and/or Plaintiffs as related to the Claims alleged in this Action.

13.     To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, the Plaintiffs, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims against the Released Parties.

14.     The Settlement is not a concession or admission, and shall not be used against Kraft or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Kraft or any of the Released Parties.  Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:

  a.     Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Kraft or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

  b.     Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, including, but not limited to the claims remaining in this Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Stipulation.

15.    As of the date this Order is signed, all dates and deadlines associated with these Actions shall be stayed, other than those related to the administration of the Settlement of the Actions.

16.    In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

17.    The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all dates provided for in the Stipulation without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: _____

_____
HON. CATHY BISSOON
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

# EXHIBIT A-4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI L. FOSTER                            )   CIVIL Action Nos. 2:09-cv-00453 and
     on behalf of herself         )   2:12-cv-00205
     and others similarly situated   )

       Plaintiff,               )

     v.                           )

KRAFT FOODS GROUP, INC.,       )

               Defendant.     )

-----------------------------------------------------------  )

JOHN DZIADYK, CRISTIE BUZA, CRAIG )
JOHNSTON, and DONALD MIKEC,     )
     on behalf of themselves        )
     and all others similarly situated  )

       Plaintiffs,            )

     v.                           )

KRAFT FOODS GROUP, INC.,       )

               Defendant.     )

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

AND NOW, on this __ day of _____, 2013, this matter having come before the Court for hearing pursuant to the Order of this Court dated DATE for approval of the settlement set forth in the Joint Stipulation and Settlement Agreement of Class Action Claims ("Stipulation" or "Settlement"), and due and adequate notice having been given to the Plaintiffs as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1.      All terms used herein shall have the same meaning as defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Plaintiffs.

3.      Distribution of the Notice directed to the Plaintiffs as set forth in the Stipulation and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Plaintiffs who could be identified through reasonable effort, and was the best notice practicable under the circumstances.  This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.  _____ Plaintiffs objected to the Settlement. _____ Plaintiffs opted out of the Settlement.

4.      Notification of the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 has been completed by Defendant as required.

5.      This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.  The Court finds that the Settlement has been

reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of these Actions. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery. The Court finds that the Class is properly certified as a class for settlement purposes only.

6.      For purposes of this Judgment, the term "Class" means "Class Members" or all present and former employees of Kraft, including Named Plaintiffs, who were employed by Kraft in the State of Pennsylvania as Wall-to-Wall Sales Representatives during the period from July 1, 2007 to March 31, 2012, and who did not elect to be excluded from the Class.

7.      As of the Effective Date, each and every Released Claim and Released Federal Claim of each and every Class Member and Settlement Class member is and shall be deemed to be conclusively released as against the Released Parties. All Class Members and Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Claims and Released Federal Claims against the Released Parties.

8.      The Stipulation and Settlement are not an admission by Kraft or any of the other Released Parties, nor is this Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by Kraft or any of the other Released Parties. Neither this Judgment, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Kraft or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event

be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Kraft or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Kraft or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

9.      The Court hereby enters this Judgment finally approving this Settlement. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

10.     The Court hereby awards Plaintiffs' Counsel attorneys' fees and costs ("Fees Award") in the amount of $_____.  Plaintiffs' Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with Claims settled in this Action.  The Court also hereby approves Incentive Awards to Named Plaintiffs and Buza Plaintiffs in the following amounts:

- Terri Foster (Named Plaintiff): $_____

- John Dziadyk (Named Plaintiff): $_____

- Craig Johnston (Named Plaintiff): $_____

- Donald Mikec (Named Plaintiff): $_____

- Cristie Buza (Named Plaintiff):  $_____

- Jenny Key (Buza named plaintiff):  $_____

- Laura Marconi (Buza named plaintiff):  $_____

- Thomas Steenbergen (Buza opt-in):  $_____

- Lin Greenwald (Buza opt-in):  $_____

The Court also approves the payment of claims administration expenses in the amount of $_____.  Any additional awards sought but not awarded for the Fees Award, Incentive Awards and/or the Claims Administration expenses shall remain the exclusive property of Defendant.  Any separate appeal from the portion of this Judgment as to the Fees Award, the Named Plaintiffs' Incentive Awards or the award of claims administration expenses shall not operate to terminate or cancel the Stipulation or otherwise affect the finality of this Judgment.

11.    After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, Kraft shall file a report with this Court setting forth the total of the Gross Settlement Amounts for the Settlement Class Members and certifying compliance with the terms of the Settlement.

12.    The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims and Released Federal Claims against Kraft.

13.     If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Settlement Fund to Kraft consistent with the terms of the Settlement, then this Judgment and all earlier orders entered in connection herewith shall be rendered null and void and shall be vacated.


Dated: _____, 2013

                                             _____

                                             HON. CATHY BISSOON
                                             UNITED STATES DISTRICT COURT
                                             WESTERN DISTRICT OF PENNSYLVANIA